# SIRBECK *v.* SUNBEAM DIVIDE MNG. CO.

No. 2739

October 22, 1926.                                    249 P. 865.

1. PLEADING—COMPLAINT NOT DEMURRABLE.

It was not error to overrule defendant's general demurrer to complaint on premise that there was "no jurisdiction alleged of defendant," where complaint stated cause of action and alleged that defendant was domestic corporation and that contract sued upon was performed in county where action was brought, since court had jurisdiction of subject matter and it acquired jurisdiction of defendant when service of summons was made.

2. APPEARANCE—GENERAL APPEARANCE GIVES JURISDICTION.

General appearance of defendant by filing general demurrer to complaint will give court jurisdiction over defendant, where such court had jurisdiction of subject matter but no service of summons was made.

3. CORPORATIONS—SECRETARY WHO IS NOT DIRECTOR MAY RECOVER ON QUANTUM MERUIT FOR SERVICES RENDERED.

Secretary and treasurer, who was not director of corporation and had nothing to do with directing policy or business management but rendered such services as were usual and incident to duties of secretary and treasurer, could recover on quantum meruit.

4. APPEAL AND ERROR—EVIDENCE—ADMISSION OF CORPORATE CERTIFICATE NOT ERROR.

In action against corporation, admission in evidence of copy of certificate filed with secretary of state certifying that certain person was president of company was not reversible error, if error at all, where there was ample evidence to show who president was.

5. CORPORATIONS—EVIDENCE HELD TO SUPPORT FINDING.

In action against corporation by its secretary for services rendered, evidence *held* sufficient to support finding that he was employed by corporation.

6. CONTINUANCE—COURT HAS DISCRETION TO REFUSE.

It was not abuse of discretion to deny defendant's motion for continuance on ground that its principal witness was sick in sister state, where it appeared that case had been reset for trial several times, and that defendant did not take steps to procure his deposition when case was first set for trial.

## C. J.–CYC. REFERENCES

APPEAL AND ERROR—4 C. J. sec. 2780, p. 809, n. 32, 33; sec. 2955, p. 975, n. 88.

APPEARANCES—4 C. J. sec. 29, p. 1337, n. 64; sec. 43, p. 1353, n. 48.

CONTINUANCES—13 C. J. sec. 4, p. 123, n. 14; sec. 59, p. 149, n. 56; sec. 86, p. 163, n. 27; sec. 88, p. 165, n. 42; sec. 157, p. 199, n. 27.

CORPORATIONS—14a C. J. sec. 1906, p. 136, n. 64; p. 139, n. 69; sec. 1918, p. 148, n. 58.

COURTS—15 C. J. sec. 96, p. 799, n. 68.

PLEADING—31 Cyc. p. 301, n. 49, 53; p. 302, n. 57.

APPEAL from Seventh Judicial District Court, Esmeralda County; *J. Emmett Walsh,* Judge.

Action by William E. Sirbeck against Sunbeam Divide Mining Company. Judgment for plaintiff, and defendant appeals from the judgment and from the order denying a motion for a new trial. Affirmed. **Rehearing denied.**

*Ryland G. Taylor,* for Appellant:

Failure to allege defendant was resident of Esmeralda County is fatal. Residence is essential to jurisdiction and determines place of trial. Rev. Laws, 5014.

Officer of company cannot recover on quantum meruit. Brown v. Valley View Mng. Co., 60 P. 424. Regular officers presumably serve without compensation. 10 Cyc. 952.

Affidavit for continuance meets all requirements of statute, and there is no showing that plaintiff could have been damaged by continuance. Choate v. Brown, 1 Nev. 73; Betts Spring v. Jardine, 139 P. 657.

Contracts are usually made by directors, not president. Directors did not employ Sirbeck. Cook, Corporations, sec. 704.

Minute book of directors' meeting is proper evidence of contracts or authority of corporate agent to contract for it. Cook, Corporations, secs. 714, 716.

Copy of list of officers filed in office of secretary of state was not best, nor any, evidence.

*J. A. Houlahan* and *Wm. J. Forman,* for Respondent:

Appellant does not point out absence of any allegation in complaint essential to statement of cause of action, but objects to omission of statement of place of residence. This goes only to jurisdiction of party, could not be raised by general demurrer, and was waived by general appearance. Demurrer is frivolous.

Application for continuance was for purpose of delay only. Affidavit is entirely defective; it does not show diligence to procure witness, nor any facts to which he would testify. District Court Rule 12. Several continuances had been granted. Court did not abuse its

discretion. Durkman v. Von Blumenthal, 232 P. 152; Wood v. French, 176 P. 734.

Party to suit is bound by stricter rule than disinterested witness. Obstacle to attendance cannot be created by his own act. Neven v. Neven, 38 Nev. 541; Schlesinger v. Nunan, 26 Ill. App. 525.

Parol testimony of Sirbeck established that Hauer was president, and was admitted without objection. Where secondary evidence is admitted without objection, adverse party may not complain. Jones, Evidence (3d ed.), sec. 202; Elliott, Evidence, vol. 1, 215. Where primary evidence is beyond jurisdiction of court, secondary may be admitted. Jones, sec. 217.

Where corporation exercises its power through president or general manager, it is liable on their contracts. Cook, Corporations, par. 716; Edwards v. Plains L. & W. Co., 143 P. 962; Bradley v. N. C. O., 42 Nev. 411.

Verdicts and findings, when supported by substantial evidence, will not be disturbed. McCone v. Eccles, 42 Nev. 451; Gault v. Grose, 39 Nev. 274.

New trial was properly denied. There was no error in trial. No memorandum of errors relating to third ground was filed. Rev. Laws, 5322.


## OPINION


By the Court, COLEMAN, C. J.:

This action was brought to recover judgment in the sum of $925 for services alleged to have been rendered by the plaintiff as secretary and treasurer of defendant company. Judgment was rendered in favor of the plaintiff in the sum demanded. Defendant has appealed from the judgment and from the order denying a motion for a new trial.

1. The first contention is that the court erred in overruling defendant's general demurrer to the complaint. The basis of this contention is that there is "no jurisdiction alleged of the defendant."

2. The complaint states a cause of action. It alleges that the defendant is a domestic corporation and that the contract sued upon was made to be performed and was performed in Esmeralda County, in which the action was brought. The court had jurisdiction of the subject matter, and it acquired jurisdiction of the defendant when service of summons was made. Had there been no such service, the general appearance of the defendant by filing the general demurrer gave the court jurisdiction over the defendant. The defendant could have moved for a change of venue as provided in section 5015, Rev. Laws, if it deemed itself entitled thereto.

3. It is next contended that an officer of a corporation cannot recover on quantum meruit, and hence the court erred in rendering judgment for the plaintiff. It is held, as a general proposition of law, that an officer of a company, who is a director thereof, cannot recover on a quantum meruit for services rendered. In the instant case, there is no contention that the plaintiff was a director of the company or had anything to do with directing the policy or business management. It appears that he rendered such services as are usual and incident to the duties of a secretary and treasurer, or as specifically required of him. The rule invoked by appellant does not apply to the situation presented. 14 C. J. 136.

4. It is also contended that the court erred in admitting in evidence a copy of the certificate filed with the secretary of state certifying that Kenneth Hauer is the president of the company. We do not deem it necessary to determine this question, for, if error was committed, there is ample evidence to show who the president was. There are, in the record, two affidavits in support of motions for a continuance on the part of the defendant stating that Mr. Hauer is an officer of the company. No judgment will be reversed for an error that is not prejudicial.

5. It is insisted that the evidence is not sufficient to sustain the judgment. This contention is based upon the proposition that the employment of the plaintiff to

act as secretary and treasurer was negotiated by the president of the company, and not by the board of directors.

It appears from the testimony that prior to the 12th day of May, 1923, one Arthur Wood was a stockholder in the company and was also the secretary and treasurer thereof at a salary of $200 per month; that the president of the company was anxious to procure the displacement of Mr. Wood as such secretary and treasurer and to procure the services of the plaintiff at a greatly reduced salary of $50 per month; that Mr. Hauer, the president of the company, suggested to the plaintiff that, if he would purchase the stock owned by Wood, plaintiff could succeed Wood as secretary and treasurer of the company at a salary of $50 per month; that plaintiff did purchase such stock; and that he was thereafter elected the secretary and treasurer of the company.

The following undisputed testimony is in the record:

"Q. You state that you were elected secretary and treasurer of this company. At what date was that? A. Between May 12th and 15th, 1923.

"Q. Were you present at the election yourself? A. I was.

"Q. Who was elected president at that time? A. Kenneth Hauer.

"Q. Had he been president previous to that. A. He was.

"Q. Did you have any correspondence leading up to your election and taking office? A. I did.

"Q. Have you any written evidence with you in respect to the matters discussed, by correspondence, with you? A. I have.

"Q. Where are they? A. Here.

"Q. Can you identify the signature of the letter that I am handing you? A. I can.

"Q. Whose signature? A. Kenneth Hauer, president of the Sunbeam Divide Mining Company."

The testimony also shows that the plaintiff thereafter took from Wood possession of the books and papers of the company and acted as such officers for about 18

months, and then delivered the books and papers to Walter Rowson, the resident agent of the company, who sent them to Mr. Hauer, the president, in Cincinnati, Ohio. The defendant offered no evidence.

The trial court found that the plaintiff was employed as secretary and treasurer of defendant company, and the reasonable value of the services rendered was $925. The evidence is ample to support the findings.

6. It is also contended that the court erred in denying defendant's motion for a continuance. The case was originally set for trial on July 27, 1925. It was thereafter reset for September 4, 1925. On September 4, the court reset the case for trial for October 7, and on October 7 the court reset it for October 16, and on October 16 the court reset it for October 21. On October 21 the defendant again made a motion for a continuance on the ground that its principal witness was sick in Florida. From the time the case was set for trial for July 27, the defendant had notice that it was incumbent upon it to take the deposition of the non-resident witness. It was its duty to at once take steps to procure his deposition, but it delayed in doing so until some time in September. It did not show the diligence it should have shown. Yori v. Cohn, on rehearing, 26 Nev. 227, 67 P. 212. The granting of a continuance is a matter largely in the discretion of the trial court. Neven v. Neven, 38 Nev. 541, 148 P. 354, 154 P. 78, Ann. Cas. 1918B, 1083. We cannot say that the court abused its discretion.

No prejudicial error appearing, it is ordered that the judgment and order appealed from be affirmed.

### ON PETITION FOR REHEARING
December 4, 1926.

*Per Curiam:*

Rehearing denied.