STATE Ex Rel. MALONE, State Engineer, Et Al. *v.*
DISTRICT COURT OF SIXTH JUDICIAL DIS-
TRICT OF NEVADA, In and For Humboldt
County, Et Al.

No. 2883

March 28, 1930.                    286 P. 418.

*M. A. Diskin,* Attorney-General, and *Wm. J. Forman,* Deputy Attorney-General, for Relator.

*Milton B. Badt, James Dysart, Morley Griswold* and *Milton J. Reinhart,* for Respondents:

## OPINION

By the Court, COLEMAN, J.:

This is an original proceeding in mandamus to compel the respondent to assume jurisdiction in a contempt

proceeding in which he had refused to proceed on the ground that he had no jurisdiction.

We do not deem it necessary to state the allegations of the petition in detail, as the only question involved is the interpretation of one section of our water law.

The state engineer, pursuant to proceedings theretofore had, filed with the clerk of the Sixth judicial district court in and for Humboldt County his order of determination of the relative rights of the water appropriators of the Humboldt River stream system and its tributaries.

Thereafter, the honorable George A. Bartlett, district judge, entered upon a hearing of said matter preliminary to making a decree therein.

Thereafter, one J. A. Miller and one Albert Quill were, pursuant to statute (Water Law sec. 52, as amended by Stats. 1915, p. 382, sec. 11), appointed water commissioners to distribute the water of said river in accordance with the order of determination of the state engineer. After they had entered upon the performance of their duties as such water commissioners, and in pursuance thereof had constructed a dam for the diversion of water, W. W. Whitacre and Emeterio Plaza, in defiance of their authority, destroyed said dam, whereupon contempt proceedings were initiated against them. The honorable Frank T. Dunn was called in to hear the same. Objection was made to his proceeding upon the ground that he was without jurisdiction in that it was not charged that the contemnors had violated any order of court. The respondent, being of the opinion that the objection was well founded, declined to proceed further in the matter.

Section 38 of the water law as amended (Stats. 1915, pp. 381, 382, sec. 8), provides that from and after the filing of the order of determination, evidence, and transcript with the clerk, as aforesaid, and during the time the hearing of said order is pending, the water of the stream system shall be distributed in accordance with the terms of said order of determination.

While no order had been made by the court as to the

adjudication of the matter, or as to the distribution of the waters of said stream system, it is contended by the attorney-general that the water commissioners were officers of the court, and the action of the contemnors constituted contempt. In support of this contention, reliance is had upon section 36½ of the water law, as amended (Stats. 1927, p. 337), which reads:

"From and after the filing of the order of determination in the district court the distribution of water by the state engineer or by any of his assistants or by the water commissioners or their assistants shall, at all times, be under the supervision and control of the district court, and said officers and each of them shall, at all times, be deemed to be officers of the court in distributing water under and pursuant to the order of determination or under and pursuant to decree of the court."

Counsel for respondent insist that no contempt was charged in the complaint, since there is no allegation of a violation of any of the provisions of section 5394, Rev. Laws, which provides that certain acts shall constitute contempt of court.

■ All constitutional courts have inherent power to punish for contempt any act which tends to impede, embarrass, or obstruct them, or their officers, in the discharge of their duties. There is no dissent from this rule. The courts are unanimous in so declaring. 13 C. J. 46.

This leads us to inquire what could have been the purpose and intent of the legislature in thus amending the water law? To our mind it is very clear. There is no room for a difference of opinion. It means exactly what it says, that is, that from the time of the filing of the order of determination in the clerk's office the water shall be distributed by those charged with that responsibility, in accordance with the terms of the order, and that such officials shall be officers of the court, and that such distribution shall be under the supervision and control of the court.

Such is the plain language of the statute; it needs

no interpretation. If the language was somewhat uncertain, it would be so construed as to give it effect rather than to nullify it.

The water commissioners having been officers of the court, in the discharge of their official duties, and having been interfered with in the discharge of those duties, by Whitacre and Plaza, were the latter guilty of contempt? It may be safely stated as a general rule that any interference with an officer of the court in the discharge of his official duties constitutes contempt.

The mere bringing of a suit against a receiver without permission of court constitutes contempt in many jurisdictions, and it is a universal rule that the interference with an officer of a court in the performance of his official duties constitutes contempt of court.

Calling attention to a pending suit, by a litigant, and discussing it in the presence of the jurors who may have to try the case, is a contempt of court. Baker v. State, 82 Ga. 776, 9 S. E. 743, 4 L. R. A. 128, 14 Am. St. Rep. 192.

It is contempt of court to intimidate a witness to prevent his appearance and giving testimony. McCarthy v. State, 89 Tenn. 543, 15 S. W. 736.

It has been held that one who induces a person who has knowledge of a crime to leave the jurisdiction, even though no charge has been filed and no grand jury impaneled, is guilty of obstructing justice and hence subject to punishment for contempt. Com. v. Berry, 141 Ky. 477, 133 S. W. 212, 33 L. R. A. (N. S.) 976, Ann. Cas. 1912C, 516.

In Ingles v. McMillan, Judge, 5 Okl. Cr. 130, 113 P. 998, 1003, 45 L. R. A. (N. S.) 511, it was held that "to attempt to converse with or influence a judge with reference to a matter pending before him is an act of gross contempt," and that parties guilty of it should be made examples of by all judges, saying that: "This is necessary to maintain the dignity of the courts and to protect the reputation of the judges."

The case of Welter v. Jacobson, 7 N. D. 32, 73 N. W.

65, 66 Am. St. Rep. 632, was one in which it was held that it was a contempt of court to replevy property from a sheriff who held it pursuant to a writ of replevin, since the property was in custodia legis.

A flood of authorities of a similar character might be cited.

The theory upon which it is held that one who interferes with the possession of a receiver is in contempt of court is that the possession of the receiver is the possession of the court, since the receiver is an officer of the court. 23 R. C. L. p. 64.

■ Pursuant to the statute in question the officers whose efforts in the distribution of the water of the Humboldt River was interfered with were officers of the court, under whose supervision and control it was being distributed. This being so, if the reasoning in the above cases is good law, as we think it is, there can be no doubt but that the section of the statute quoted and the allegations in the complaint are ample to confer jurisdiction upon the respondent to hear and determine the question of the guilt of the contemnors.

■ Pursuant to the statute quoted, from and after the filing of the order of determination with the clerk of the court by the state engineer, the water of the Humboldt River stream system, during the irrigation season, was in custodia legis. Such was clearly the intention of the statute.

Holding these views, it follows that the writ must issue as prayed.

It is so ordered.