WILLIAM L. LAMB, JR., APPELLANT, *v.*
ARLENE LAMB, RESPONDENT.

No. 5307

November 13, 1967                    433 P.2d 265

[Rehearing denied December 14, 1967]

*Singleton, DeLanoy & Jemison,* of Las Vegas, for Appellant.

*Diehl, Recanzone & Evans,* of Fallon, for Respondent.

426

## O P I N I O N

By the Court, BATJER, J.:

This is an appeal from an order adjudging the appellant to be in contempt of court and denying his motion to modify the judgment and decree of divorce upon the ground that he was then in contempt of court.

On November 23, 1963 the appellant and the respondent entered into a property settlement agreement whereby the appellant promised to make child support payments of $200 per month.

On September 22, 1964 the respondent was granted a divorce, and the property settlement agreement was adopted by the court and incorporated as a part of the judgment and decree.

On May 13, 1966 in support of a motion for an order to

show cause why the appellant should not be held in contempt, the respondent filed an affidavit stating that from November 26, 1963 to March 26, 1966 the appellant was $2,816 in arrears in child support payments.

An order to show cause was issued, the appellant failed to appear, and on July 8, 1966 he was held to be in contempt.

Later, in July 1966, the appellant, after making an arrangement with respondent's counsel to keep the monthly support payments current and to pay the arrearages, paid $450 to the respondent. On August 3, 1966, the court, satisfied with the arrangements, purged the appellant of contempt.

On November 14, 1966 the respondent filed another affidavit in support of a motion, for an order to show cause why the appellant should not be held in contempt, and stated that the appellant was then $2,820 in arrears from September 22, 1964 to September 22, 1966. The court issued another order to show cause.

In an effort to purge the contempt, the appellant filed an affidavit setting forth his debts, and telling his story of remarriage and financial reverses. At the same time the appellant filed a motion to modify the judgment and decree of divorce asking for a reduction in child support payments and for specific visitation privileges, upon the ground of change in circumstances.

At the hearing held December 13, 1966 both the appellant and the respondent testified, and the evidence revealed that the appellant had paid the respondent only $125 from July 1966 until December 1966 while the appellant was earning a gross income of approximately $540 per month.

The court found that the appellant had the ability to comply with the judgment and decree of divorce and adjudged him to be in contempt, but continued the proceedings for thirty (30) days, during which time the appellant could purge himself of contempt by making the monthly support payments and by paying, or by making a firm arrangement for the payment of the arrearages. If the appellant failed to comply he would be jailed.[1] This appeal was taken from that order.

The appellant assigns as error, insufficient evidence to support a finding of contempt, and an abuse of discretion by the trial court, in denying his motion to modify the judgment and decree of divorce.

---

[1] NRS 22.110. "When the contempt consists in the omission to perform an act which is yet in the power of the person to perform, he may be imprisoned until he shall have performed it, and in that case the act shall be specified in the warrant of commitment."

The appellant urges that the hearing in the lower court was a criminal or quasi-criminal contempt proceeding resulting in imprisonment for debt in contravention of the Constitution of Nevada, Article I, Section 14.

Following Phillips v. Welch, 11 Nev. 187 (1876), we find that the proceeding below was for civil contempt, and that there was no imprisonment for debt. Moneys ordered to be paid as alimony or child support do not constitute a debt within the meaning of our constitution. Ex parte Phillips, 43 Nev. 368, 187 P. 311 (1920) and In re McCabe, 53 Nev. 463, 5 P.2d 538 (1931).

There was sufficient evidence for the trial court to find that the appellant had not paid child support as required, that he had the ability to pay and that he was in contempt for his failure to comply with a lawful order of the court.

In the case of In re Chartz, 29 Nev. 110, 85 P. 352 (1907), this court said: "The power of courts to punish for contempt and to maintain decency and dignity in their proceedings is inherent, and is as old as courts are old."

In the case of McCormick v. District Court, 67 Nev. 318, 218 P.2d 939 (1950), this court, citing the following cases (Pacific Live Stock Co. v. Ellison Ranch Co., 46 Nev. 351, 213 P. 700; Phillips v. Welch, 12 Nev. 158; State ex rel. Malone v. District Court, 52 Nev. 270, 286 P. 418, and In re Debs, 158 U.S. 564), said: "We are in full accord with these cases, and with the many authorities therein cited, all proclaiming in ringing tones the inherent power of the courts to protect and defend their decrees by contempt proceedings, beyond any power of the legislature to abridge."

We also find that pursuant to NRS 125.140(2)[2] there was a proper exercise of discretionary powers in denying the appellant's motion to modify. Goodman v. Goodman, 68 Nev. 484, 236 P.2d 305 (1951); Schmutzer v. Schmutzer, 76 Nev. 123, 350 P.2d 142 (1960); Adler v. Adler, 80 Nev. 364, 394

[2]NRS 125.140(2). "In actions for divorce the court may, during the pendency of the action, or at the final hearing or at any time thereafter during the minority of any of the children of the marriage, make such order for the custody, care, education, maintenance and support of such minor children as may seem necessary or proper, and may at any time modify or vacate the same."

P.2d 350 (1964); Edwards v. Edwards, 82 Nev. 392, 419 P.2d 637 (1966).

An additional reason for sustaining the lower court's denial of the motion to modify is found in the case of MacDonald v. Superior Court in and for San Mateo County, 104 P.2d 1071 (Cal.App. 1940). There the court said: "No party to an action can with right or reason, ask the aid and assistance of a court in hearing his demands while he stands in an attitude of contempt to the court's legal orders and processes."

See also Weeks v. Superior Court, 203 P. 93 (Cal. 1921); Knackstedt v. Superior Court, 180 P.2d 375 (Cal.App. 1947); Kubon v. Kubon, 331 P.2d 636 (Cal. 1958); Robinson v. Superior Court, 9 Cal.Rptr. 130 (1960).

No prejudicial error appearing, the Order Denying Motion to Modify Decree of Divorce and the Order Adjudging Defendant in Contempt are affirmed.

THOMPSON, C. J., COLLINS, J., ZENOFF, J., and MOWBRAY, J., concur.