MARGUERITE HELEN NOBLE, APPELLANT, *v.*
LEIGHTON J. NOBLE, RESPONDENT.

No. 5972

June 10, 1970                     470 P.2d 430

[Rehearing denied July 10, 1970]

*Lester H. Berkson,* of Zephyr Cove, and *Jerry C. Lane,* of Carson City, for Appellant.

*Manoukian and Manoukian,* of Zephyr Cove, for Respondent.

## OPINION

By the Court, BATJER, J.:

On December 28, 1966, Marguerite Helen Noble, hereinafter referred to as "Marguerite," or the appellant, was granted a divorce from Leighton J. Noble, hereinafter referred to as "Leighton," or the respondent. In the decree of divorce, the property rights of the parties were settled, and Marguerite was awarded the care, custody and control of Leighton Scott Noble, hereinafter referred to as "Scott," or the minor child of the parties. Leighton was reserved the right of reasonable visitation, upon his paying to Marguerite the sum of one hundred fifty ($150) dollars per month for the suppport, maintenance and education of the minor child.

Leighton was further required to pay to Marguerite, alimony in the amount of three hundred ($300) dollars per month, and to maintain in full force and effect a health and accident policy with both the minor child and Marguerite named as insured. Leighton was also required to maintain in full force and effect, a life insurance policy owned by him, with the minor child, Leighton Scott Noble, named as beneficiary.

The record reveals that although Leighton made timely support and premium payments, Marguerite either prevented him from visiting with Scott, or frustrated those visits.

On July 26, 1967, Leighton moved for physical custody of Scott, and on August 3, 1967, Marguerite filed her motion to increase the child support from $150 to $500 per month. Both motions were heard on February 29, 1968. Marguerite's motion to increase the child support was denied. Leighton withdrew his motion for physical custody of Scott and the trial court continued the matter until August 29, 1968, to allow the parties time to work out a satisfactory visitation arrangement.

At that time the trial court advised, in open court, that in the event the parties were unable to work out a satisfactory visitation schedule that it would consider setting specific times and places for Leighton's visitation and would consider the enforcement of such visitations by such sanctions as relieving Leighton from support payments.[1] The record shows that both the parties and their respective counsel were present when the trial court made its announcement.

The hearing which had been continued until August 29, 1968, was further continued to September 12, 1968. At that time the trial court set specific times and places for Leighton to visit Scott and have the child visit with him.

The situation did not improve and on March 7, 1969, Leighton filed another motion to modify the original decree, asking to be relieved of all child support payments, life insurance premium payments or any other financial contribution in whatever form. The motion was set for a hearing on April 9, 1969. On April 3, 1969, Marguerite moved for allowances, attorney fees and a continuance. The matter was heard on April 9, 1969, and the trial court denied Marguerite's motions and ordered that child support payments, as well as alimony payments to her, be suspended forthwith, and that they would not be reimposed until Marguerite came to the trial court with an acceptable plan for compliance with the court's orders for visitation. The trial court further ordered that Leighton be relieved of any further responsibility to maintain Marguerite as either an insured or beneficiary under the insurance policies, until such time as she submitted her acceptable plan for child visitation.

This appeal is taken from the order suspending the child support and alimony, and suspending Marguerite as an insured or beneficiary under the insurance policies.

Although Leighton, in his motion to modify, filed March 7, 1969, asked to be relieved of ". . . any other financial contribution," at the hearing on the motion, he moved to amend his pleadings to pray for a ". . . reduction in the amount of alimony payments presently being made. . . ." Marguerite objected, and the trial court ruled that such an amendment would have to be presented as a separate matter. That ruling inured to the benefit of the appellant and had no bearing whatsoever on the order to suspend payments.

---

[1]The written order filed by the trial court on March 22, 1968, contained the words ". . . [B]y such sanctions as relief from child support payments. . . ."

Marguerite claims that the trial court erred when it suspended, as a sanction against her for denying Leighton visitation rights with Scott, future child support and alimony payments, and relieved Leighton of any responsibility to maintain her as either an insured or as a beneficiary under either of the insurance policies referred to in the original divorce decree. Marguerite also contends that the trial court erred when it denied her motion for a continuance.

Overwhelming evidence indicates that Marguerite, without any apparent justification, ignored the decree and orders of the trial court, and denied Leighton a right to visit with their minor child. Without a doubt she was contumacious from the outset and the trial court gave her every opportunity to purge herself of that contempt. It is ironical that at all times from and after April 9, 1969, the appellant has had, and now has, within her exclusive power, subject to the trial court's approval, the opportunity to submit a plan for reasonable child visitation and summarily conclude this entire matter.

Historically courts have always had the inherent power to maintain and enforce the dignity and decency in their proceedings. Lamb v. Lamb, 83 Nev. 425, 433 P.2d 265 (1967); In re Chartz, 29 Nev. 110, 85 P. 352 (1907).

In the case of McCormick v. District Court, 67 Nev. 318, 218 P.2d 939 (1950), this court, citing the following cases (Pacific Live Stock Co. v. Ellison Ranch Co., 46 Nev. 351, 213 P. 700; Phillips v. Welch, 12 Nev. 158; State ex rel. Malone v. District Court, 52 Nev. 270, 286 P. 418, and In re Debs, 158 U.S. 564), said: "We are in full accord with these cases, and with the many authorities therein cited, all proclaiming in ringing tones the inherent power of the courts to protect and defend their decrees by contempt proceedings, beyond any power of the legislature to abridge."

In Levell v. Levell, 190 P.2d 527 (Ore. 1948), that court stated: "The power to suspend an order for the payment of alimony during the time that the mother illegally deprives the father of the right of visitation has also been recognized. Leighton v. Leighton, 48 R.I. 195, 136 A. 443; Eberhart v. Eberhart, 153 Minn. 66, 189 N.W. 592; Anderson v. Anderson, 207 Minn. 338, 291 N.W. 508."

Marguerite contends that she was not afforded proper notice of the scope of the April 9, 1969 hearing. We do not agree. In his notice of motion Leighton advised her that he was seeking complete relief, not only from further child support

payments and insurance premium payments, but from any other financial contribution "in whatever form." It is hard to envision a more encompassing notice. The order of the trial court fell far short of the scope of that notice because the payments are merely suspended. Furthermore, on February 29, 1968, the trial court specifically advised her, in open court, that unless satisfactory child visitation was accorded to Leighton that it would consider the enforcement of such visitation by "such sanctions as relief from support payments."

The trial court was clearly acting within its inherent power when it suspended the alimony payments and suspended Marguerite as an insured or beneficiary under the insurance policies. Furthermore, adequate notice and an opportunity to be heard was afforded to her.

With reference to the suspension of the child support payments, we note a head-on confrontation between the court's inherent power to enforce its lawful orders, decrees and judgments (Lamb v. Lamb, supra; In re Chartz, supra) and the basic principle that the best interest and welfare of a minor child is paramount. Atkins v. Atkins, 50 Nev. 333, 259 P. 288 (1927); Peavey v. Peavey, 85 Nev. 571, 460 P.2d 110 (1969). Both of these basic concepts have been adhered to in this and other jurisdictions for many years.

Although a trial court may, in the exercise of its discretion, modify or vacate an order for child support, (NRS 125.140 (2)) it must do so for cause. Here there were no findings whatsoever, by the trial court, concerning the effect that the total suspension of child support payments would have upon the present comfort and future well-being of the minor child.

A trial judge has wide discretion in all cases involving the care, custody, maintenance and control of a minor child, and his exercise of discretion will not be disturbed on appeal unless there is a clear case of abuse. Fenkell v. Fenkell, 86 Nev. 397, 469 P.2d 701 (1970); Cosner v. Cosner, 78 Nev. 242, 371 P.2d 278 (1962); Timney v. Timney, 76 Nev. 230, 351 P.2d 611 (1960); Black v. Black, 48 Nev. 220, 228 P. 889 (1924). Here there are no findings on the question of the welfare of the minor child so we have nothing upon which to determine whether or not the trial court abused its discretion.

In Cosner v. Cosner, supra, this court said: ". . . [T]here is a presumption on appeal in child custody matters that the trial

court has properly exercised its judicial discretion in determining what is for the best interest of the child." And in Timney v. Timney, supra, said: "It will be assumed that the court considered the present comfort and future well-being of the children as required by NRS 125.140."

Findings may be implied if the record is clear and will support the order or judgment. State ex rel. Dept. of Highways v. Olsen, 76 Nev. 176, 351 P.2d 186 (1960); Chisholm v. Redfield, 75 Nev. 502, 347 P.2d 523 (1959).[2]

When the record is unclear, or devoid of any evidence on the question in point, as in this case, findings will not be implied. Richfield Oil Corp. v. Harbor Ins. Co., 85 Nev. 185, 452 P.2d 462 (1969); Lagrange Constr., Inc. v. Del E. Webb Corp., 83 Nev. 524, 435 P.2d 515 (1967); Robison v. Bate, 78 Nev. 501, 376 P.2d 763 (1962); Janzen v. Goos, 302 F.2d 421 (8th Cir. 1962). Therefore, we cannot reach the question to determine whether the inherent power of the court to sanction for contempt or the concept that the present comfort and future well-being of the minor child is paramount, should prevail.

The appellant's contention that the trial court erred when it denied her motion for a continuance is without merit. The granting or denial of a motion for a continuance is within the exercise of discretion of the trial court. State ex rel. Hamilton v. Second Judicial District Court, 80 Nev. 158, 390 P.2d 37 (1964); Sirbeck v. Sunbeam Divide Mining Co., 50 Nev. 46, 249 P. 865 (1926). Here we find no abuse of discretion by the trial court.

The appellant has apparently abandoned her contention that the trial court erred when it denied her motion for allowances and attorney fees, but has requested reasonable attorney fees on this appeal. We find that the refusal by the appellant to comply with the lawful orders of the trial court has prompted all the hearings subsequent to the entry of the original decree of divorce, as well as this appeal, therefore, we deny her attorney fees. Each party to bear his own costs.

The order of the lower court is affirmed in all respects

---

[2]The cases of Lamance v. Byrnes, 17 Nev. 197, 30 P. 700 (1882), Quinn v. Quinn, 27 Nev. 156, 74 P. 5 (1903), and Fenkell v. Fenkell, supra, are not controlling, and can be distinguished. In those cases there was no record of testimony, while here the hearing was fully reported.

except as to the suspension of child support, and as to that it is remanded to the district court so that adequate findings of fact may be made by the trial court on the question of what effect the suspension of child support payments would have on the present comfort and future well-being of the minor child. Cf. Adams v. Adams, 85 Nev. 50, 464 P.2d 458 (1969); Pease v. Taylor, 86 Nev. 195, 467 P.2d 109 (1970).

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.