ALL MINERALS CORPORATION, a Nevada Corpora-
tion, Appellant, v. ROBERT P. KUNKLE, FRANCES
KUNKLE, GERALD J. DALTON and M. JOYCE
DALTON, Respondents.

No. 19413

December 20, 1989                              784 P.2d 2

[Rehearing denied May 31, 1990]

*Vargas & Bartlett* and *Scott Glogovac,* Reno; *Hugh C. Garner
& Associates,* Salt Lake City, Utah, for Appellant.

*Bible, Hoy, Miller, Trachok & Wadhams,* Elko; *Kimball, Parr,
Crockett & Waddops* and *Michael M. Later,* Salt Lake City, Utah;
*Parsons, Behle & Latimer* and *Stephen J. Hull,* Salt Lake City,
Utah, for Respondents.

## OPINION

*Per Curiam:*

In this case, we are asked whether the district court has the
power to declare the actions of a party a nullity when the party
acts in violation of a preliminary injunction. We hold that the

district court may not nullify an action taken in violation of a preliminary injunction unless the party that obtained the injunction properly attacks the validity of the act. Under this rule, the district court in the case at bar did not have the power to nullify an action that was a violation of the preliminary injunction. Consequently, we reverse.

### Facts

In 1967, respondents Dalton and Kunkle entered land in Nye County owned by the federal government and posted notices that stated that they were claiming the right to mine in that area. At some point, NL Industries also staked its claim to the mining rights on the same land. Later, Dalton and Kunkle sold the rights that they had to All Minerals, the appellant, subject to the reservation to Dalton and Kunkle of a royalty on all ores and minerals removed from the claims by All Minerals. Finally, in 1978, NL Industries sued Dalton and Kunkle and All Minerals in a quiet title action to determine who owned the right to mine from the location.

NL Industries and All Minerals agreed that, until the district court had decided which of the companies owned the mining rights, it would be best if neither company did any mining. They put this agreement into writing, and they asked the district court to order both companies to obey the agreement. The district court then ordered both parties to refrain from mining at the location in Nye County and also to stay off that land completely. This order was an extension of the court's earlier temporary restraining order acquired by NL Industries at the beginning of the litigation. Dalton and Kunkle were not involved in the agreement, and the district court's order did not include them.

Soon after the district court ordered All Minerals to stay off the land, All Minerals discovered that it had failed to file affidavits of labor with the BLM which are necessary to preserve a mining claim.[1] The result of this failure to file was that All Minerals no longer had any mining claims to protect. Instead of telling this to the district court, All Minerals entered the land in violation of the district court's order and posted notices that it was making new claims of the mining rights on the same land.

NL Industries had also failed to file the required papers with the BLM. After All Minerals had entered the land in violation of the preliminary injunction, NL Industries also attempted to relo-

---

[1] The federal government required that each mining claimant file an affidavit of labor with the BLM in order to show that the claimant had not abandoned the mine. Failure to file would result in an automatic finding of abandonment and forfeiture of mining rights.

cate its claims. In the midst of this Nevada litigation, NL Industries and All Minerals sought to challenge the BLM's determination that the claims were void because of the failure to file the affidavits of labor. This delayed the state litigation and eventually ended in a holding against NL Industries and All Minerals in the Ninth Circuit. *See* NL Industries v. Secretary of Interior, 777 F.2d 433 (9th Cir. 1985). NL Industries decided not to pursue its claim further and withdrew from the Nevada litigation, leaving All Minerals to litigate against Dalton and Kunkle.

When the district court found out that All Minerals had violated the order, the district court stated that All Minerals' new claim was invalid because it had been obtained in violation of the preliminary injunction. Upon hearing this, Dalton and Kunkle went out to the land and posted notices that they were claiming the right to mine in that area. Dalton and Kunkle's actions did not violate the district court order because the district court order only involved All Minerals and NL Industries. Therefore, the district court concluded that Dalton and Kunkle held superior mining rights because All Minerals' violation of the order had made its actions in relocating the claims invalid. The district court denied All Minerals' motion for summary judgment and declared the matter moot.

## Discussion

All Minerals argues that the court could not enforce its preliminary injunction by declaring All Minerals' attempts to relocate the mining claims invalid. This argument rests on the nature of the court's enforcement powers and punishment powers when a party violates an order.

Since All Minerals violated the preliminary injunction when it relocated its claims, the court certainly had power to punish All Minerals for contempt. NRS 22.100 provides that the penalty for contempt is a fine of up to $500 or imprisonment for up to twenty-five days or both. While the statutes provide no other penalty for contempt, we have held that a court may take other measures to insure that the parties obey the court's order. Noble v. Noble, 86 Nev. 459, 470 P.2d 430 (1970) (remanded on other grounds). In *Noble,* a divorced mother ignored the orders of the court granting visitation of the child to the father. The court suspended its order of alimony in order to sanction the mother. We held that "courts have always had the inherent power to maintain and enforce the dignity and decency in their proceedings." *Id.* at 463, 470 P.2d at 432. We went on to explain that this inherent power goes beyond the power that may be granted by the legislature. *Id.*

In the specific realm of injunctions, courts have held that they had inherent power to nullify acts that were violations of injunctions. However, this power has been limited. Specifically, an act done in violation of an injunction is not a nullity except as to the party that obtained the injunction when that party attacks the action in a proper manner. Candler v. Wallace Candler, Inc., 113 N.W.2d 901 (Mich. 1962) (stating that transfer in violation of injunction invalid as to opposing party); Town of Fond du Lac v. City of Fond du Lac, 126 N.W.2d 206 (Wis. 1964) (stating that act in contempt of court's order not invalid because injunction has no *in rem* effect).

The basis for not permitting courts to nullify acts done in violation of an injunction is that an injunction is *in personam,* not *in rem.* In other words, the court may punish the party that violates the injunction with a fine or imprisonment but may not alter property rights resulting from the violation. The exception to this general rule that a court does not have the power to nullify an action that is a violation of an injunction is necessary in order to permit the court to maintain its control over the subject matter of the proceedings.

In the case at bar, the court's purpose in ordering the preliminary injunction was to maintain the status quo until the case could be adjudicated. The court did not want either party to mine on the land in controversy until the court could determine who held superior title to the mining rights. The court was under the mistaken belief, as were the parties, that either NL Industries or All Minerals held a valid claim to mine on the land in controversy; however, neither party held such a right due to the failure to file the affidavits of labor with the BLM. The status quo when NL Industries commenced its action was that the district court could not rule in favor of either party with respect to superior title to mining rights. When All Minerals entered and posted its notices, it did not undermine the authority of the court, especially with respect to the rights of Dalton and Kunkle. In fact, Dalton and Kunkle's only interest in the outcome of the proceedings at that point was the royalties it might obtain from All Minerals' future mining. NL Industries was the only party that arguably would have had standing to challenge All Minerals' actions; however, NL Industries has not properly attacked All Minerals' actions. While it is true that All Minerals' actions were an attempt to establish superior title to the mining rights, the original dispute, and consequently the preliminary injunction, involved only NL Industries and All Minerals and was moot due to the failure of both parties to file the affidavits of labor.

An act done in violation of an injunction is valid unless the party that obtained the injunction properly attacks the validity of the act. Dalton and Kunkle did not obtain the injunction. Thus, the court acted beyond its power by declaring All Minerals' relocation of the claims invalid. The court should not have nullified the relocation of the claims, and the federal laws should be applied to determine superior title to the claims.

### Conclusion

We have considered the parties' other contentions on appeal, and we find either that they are without merit or that we need not reach them because of the resolution above. The district court attempted to nullify All Minerals' relocation of the mining claims even though the nullification was beyond the court's power under the circumstances of this case. Therefore, we reverse the order of the district court and remand for further proceedings consistent with this opinion.