129 Nev., Advance Opinion 19

IN THE SUPREME COURT OF THE STATE OF NEVADA

MAJUBA MINING, LTD., A NEVADA
CORPORATION,
Appellant,
vs.
PUMPKIN COPPER, INC., N/K/A
NEVADA COPPER, INC., A NEVADA
CORPORATION,
Respondent.

No. 58149

**FILED**

APR 04 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court order in a quiet title action. Third Judicial District Court, Lyon County; David A. Huff, Judge.

Motion granted; dismissed.

Law Offices of John P. Schlegelmilch, Ltd., and John P. Schlegelmilch, Yerington,
for Appellant.

Erwin & Thompson LLP and Thomas P. Erwin, Reno,
for Respondent.

---

BEFORE HARDESTY, PARRAGUIRRE and CHERRY, JJ.

OPINION

By the Court, CHERRY, J.:

In this opinion, we consider whether a mining claimant's failure to comply with federal claim maintenance fees renders a controversy over superior title moot. This appeal was taken from a

SUPREME COURT
OF
NEVADA

(O) 1947A

13-09836

district court order in a quiet title action. While this appeal was pending, the Bureau of Land Management (BLM) issued two separate decisions declaring 27 unpatented mining claims asserted by appellant Majuba Mining, Ltd., forfeit and void by operation of law because Majuba failed to comply with the statutory mining claim maintenance requirement. 30 U.S.C. § 28i (2006) ("Failure to pay the claim maintenance fee . . . shall conclusively constitute a forfeiture of the unpatented mining claim . . . by the claimant and the claim shall be deemed null and void by operation of law."); 43 C.F.R. § 3830.91(a)(3) (2011) (claimants will forfeit their mining claims or sites by failing to "[p]ay the annual maintenance fee on or before the due date"). Under federal law, Majuba was required to pay an annual mining claim maintenance fee for each of its asserted claims. 43 C.F.R. § 3834.11(a)(2) (2011) (a claimant "must pay an annual maintenance fee on or before September 1st of each year in order to maintain a mining claim or site for the upcoming assessment year"). For assessment year 2012, Majuba failed to deliver a maintenance fee to the BLM for each of its 27 asserted claims. As a result of Majuba's inaction in this regard, respondent Pumpkin Copper, Inc., filed a motion to dismiss the appeal, arguing that the appeal was rendered moot when the BLM declared Majuba's asserted claims forfeit and void by operation of law.

We must determine whether the controversy over superior title is moot. Personhood Nevada v. Bristol, 126 Nev. ___, ___, 245 P.3d 572, 574 (2010) (providing that "[t]he question of mootness is one of justiciability"). We have a duty to "decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles of law which cannot affect the matter in issue before [us]." NCAA v. University

of Nevada, 97 Nev. 56, 57, 624 P.2d 10, 10 (1981). We recognize "that cases presenting live controversies at the time of their inception may become moot by the occurrence of subsequent events." University Sys. v. Nevadans for Sound Gov't, 120 Nev. 712, 720, 100 P.3d 179, 186 (2004). Here, the controversy that existed at the beginning of this litigation concerning superior title is no longer at issue because Majuba's asserted claims do not exist as a matter of law and, thus, Majuba no longer has mining claims to protect in a quiet title action. Cf. Daly v. Lahontan Mines Co., 39 Nev. 14, 23, 151 P. 514, 516 (1915) (a plaintiff must have rights to real property and must redeem those rights within the time period proscribed by statute in order to maintain a claim for quiet title). We need not reach Majuba's arguments on appeal because we conclude that this appeal is moot. See All Minerals Corp. v. Kunkle, 105 Nev. 835, 838, 784 P.2d 2, 5 (1989); Pac. L. Co. v. Mason Val. M. Co., 39 Nev. 105, 113-14, 153 P. 431, 433-34 (1915). Accordingly, Pumpkin Copper's motion to dismiss is granted, and we dismiss this appeal.

_____, J.
Cherry

We concur:

_____, J.
Hardesty

_____, J.
Parraguirre