# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE LAKESHORE HOUSE LIMITED
PARTNERSHIP, A NEVADA LIMITED
PARTNERSHIP; AND EMERSON
HEDGES, LLC, A NEVADA LIMITED
LIABILITY COMPANY,
Appellants,
vs.
BANK OF THE WEST, A CALIFORNIA
BANKING CORPORATION,
Respondent.

No. 75501

**FILED**

APR 25 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a motion to discharge a writ of attachment. Second Judicial District Court, Washoe County; Bridget E. Robb, Judge.

### *FACTS AND PROCEDURAL HISTORY*

This case arises from a civil suit involving a $2,500,000 loan debt owed by F. Harvey and Annette Whittemore to respondent Bank of the West. Bank of the West secured a judgment on the amount owed which the Whittemores never paid. Bank of the West subsequently filed the underlying suit against the Whittemores, the Lakeshore House Limited Partnership, and Emerson Hedges, LLC. Subsequently, the parties negotiated a settlement agreement. When the Whittemores failed to make a payment under the settlement agreement, Bank of the West filed a second amended complaint adding a breach of contract claim. Bank of the West then filed a motion for prejudgment writ of attachment based on its claims for fraudulent transfer and breach of contract. Appellants Emerson Hedges, LLC and Lakeshore House Limited Partnership filed an opposition, which the Whittemores joined.

SUPREME COURT
OF
NEVADA

(O) 1947A

19-18294

The district court held a hearing on Bank of the West's prejudgment writ of attachment and granted the motion on the breach of contract claim because it found that there was a valid settlement agreement between the parties, and appellants' breach of it was a meritorious claim.

While Bank of the West's motion for prejudgment writ of attachment was pending, it also filed a motion for partial summary judgment. The district court ultimately granted Bank of the West's motion for partial summary judgment, finding that there was a valid settlement agreement between the parties which appellants breached.

After the district court granted Bank of the West's motion for prejudgment writ of attachment, but before the district court ruled on Bank of the West's motion for partial summary judgment, appellants filed a motion to discharge the prejudgment writ. Due to the district court's findings and rulings on Bank of the West's motion for partial summary judgment, the court denied appellants' motion to discharge the prejudgment writ as moot. Subsequently, appellants filed the instant appeal.

## DISCUSSION

*The district court did not err by denying appellants' discharge motion as moot.*

Appellants argue that the prejudgment writ of attachment was "improperly or improvidently issued," pursuant to NRS 31.200(1)(a), because the district court: (1) did not permit them to offer evidence at the hearing on the prejudgment writ; (2) made findings on the merits of the parties' claims that exceeded the proper scope of a writ of attachment (particularly that a valid settlement agreement existed between appellants and Bank of the West); (3) relied on those findings in granting Bank of the West's motion for partial summary judgment; and (4) then relied on the order granting partial summary judgment to find the discharge motion

moot. On the other hand, Bank of the West argues that the ruling on appellants' discharge motion had no effect because the court once again found that a valid settlement agreement existed that appellants breached. We agree with Bank of the West.

Further, we recognize "that cases presenting live controversies at the time of their inception may become moot by the occurrence of subsequent events." *Majuba Mining v. Pumpkin Copper*, 129 Nev. 191, 193, 299 P.3d 363, 364 (2013) (quotation marks and citations omitted). Therefore, because there is now a final judgment, we conclude that the issue regarding how the district court applied NRS Chapter 31 is now moot. Accordingly we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.     _____, J.
Pickering                          Cadish

cc:  Hon. Bridget E. Robb, District Judge
     Janet L. Chubb, Settlement Judge
     Robertson, Johnson, Miller & Williamson
     Gunderson Law Firm
     Washoe District Court Clerk