IN THE SUPREME COURT OF THE STATE OF NEVADA

BRADLEY JOHN BELLISARIO,
Appellant,
vs.
EMILY BELLISARIO,
Respondent.

No. 84128

FILED

SEP 16 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER AFFIRMING IN PART,*
*REVERSING IN PART, AND REMANDING*

This is an appeal from a district court divorce decree. Eighth Judicial District Court, Family Court Division, Clark County; Mary D. Perry, Judge.[1]

The parties were married for seven years and have three children together. Appellant owned his own law practice but stopped practicing during the divorce proceedings and his law license was temporarily suspended.[2] During the proceedings, the district court entered orders (1) deeming appellant a vexatious litigant and (2) limiting appellant's ability to present evidence at trial due to his failure to comply with discovery rules and orders. Appellant was incarcerated and not present in court when the divorce trial took place. After considering respondent's testimony and evidence, the district court entered the divorce decree, which appellant now challenges.

Appellant first argues that the district court violated his due process rights by conducting the divorce trial without him being present. We disagree. *See Callie v. Bowling*, 123 Nev. 181, 183, 160 P.3d 878, 879

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]After the divorce decree was entered, appellant was disbarred from the practice of law in Nevada. *In re Discipline of Bellisario*, No. 84144, 2022 WL 1056122 (Nev. April 7, 2022) (Order of Disbarment).

22-29109

(2007) (explaining that procedural due process requires a party to have notice and an opportunity to be heard and providing that this court reviews a constitutional challenge based on procedural due process de novo). Appellant had notice of the divorce trial and never sought a continuance. Thus, we cannot conclude that the district court violated his due process rights by conducting the trial on the noticed trial date.[3]

Second, appellant contends that the district court erred in deeming him a vexatious litigant. The district court properly considered the four-factor analysis before entering the order, *Jones v. Eighth Judicial District Court*, 130 Nev. 493, 496, 330 P.3d 475, 477 (2014) (providing that before a party can be declared a vexatious litigant, the district court must (1) provide notice of and an opportunity to oppose the vexatious litigant declaration; (2) create a record of why the restrictive order is warranted; "(3) make substantive findings as to the frivolous or harassing nature of the litigant's actions;" and (4) narrowly tailor the restrictions), and the record supports the district court's findings. Appellant filed a multitude of meritless motions, notices, and oppositions, which mostly contained copied and pasted recitations of facts and law already considered and rejected by the court. Additionally, appellant filed harassing civil lawsuits against respondent, respondents' attorneys and, two of the therapists treating the parties' minor child. Because those civil lawsuits arose out of the divorce action, the district court properly considered them in deciding the vexatious litigant motion. Additionally, appellant had notice of the motion and the district court narrowly tailored the restrictions placed on appellant's filings.

---

[3]To the extent appellant ties his due process argument to his pending criminal charges, we conclude that argument lacks merit as appellant points to no authority requiring a district court to continue a divorce case when one of the parties is facing criminal charges.

Thus, we conclude the district court did not err in deeming appellant a vexatious litigant.

Third, appellant argues that the district court abused its discretion in calculating his child support obligation by imputing an income to him while his law license was suspended and without specifically considering the NAC 425.125 factors. The district court imputed an income to appellant without first finding that appellant was underemployed or unemployed without good cause, as required by NAC 425.125(1). Further, the district court's order contains no findings on the factors in NAC 425.125(2) that must be considered before imputing an income to a party. While a district court has wide discretion in child support matters, we are unable to determine if the district court properly exercised its discretion under these circumstances.[4] *See Noble v. Noble*, 86 Nev. 459, 464, 470 P.2d 430, 433 (1970) (reversing a district court's child support decision because it failed to make supporting findings and the record was unclear to imply such, and remanding for it to make sufficient findings), *overruled on other grounds by Westgate v. Westgate*, 110 Nev. 1377, 887 P.2d 737 (1994). Accordingly, we reverse the decree as to the child support determination and remand for the district court to make sufficient factual findings under NAC 425.125.

---

[4]To the extent appellant argues that the district court's child custody order must be reversed because the visitation schedule lacks specificity, we disagree. The order is sufficiently specific considering the circumstances present at the time. Additionally, the order permits appellant to seek modification as soon as he completes his psychological evaluation.

Further, we are not persuaded by appellant's argument that the district court improperly extended the temporary protective order (TPO), as motion practice and a hearing concerning the TPO occurred after the January 25 hearing and before the extension of the TPO.

Fourth, appellant contends that the district court abused its discretion when it awarded respondent spousal support without making statutory factual findings. We agree. *See Klabacka v. Nelson*, 133 Nev. 164, 178-79, 394 P.3d 940, 952 (2017) (providing that this court reviews a district court's decision concerning spousal support for an abuse of discretion). NRS 125.150(9) lists factors the district court must consider before awarding spousal support. Nothing in the record indicates that the district court considered these factors before awarding respondent spousal support. Thus, we reverse the spousal support portion of the decree and remand for the district court to make sufficient factual findings under NRS 125.150(9).[5] We affirm all other aspects of the divorce decree.

It is so ORDERED.[6]

_____, C.J.
Parraguirre

_____, J.
Cadish

_____, Sr.J.
Gibbons

cc:   Hon. Mary D. Perry, District Judge, Family Court Division
      Law Practice, Ltd.
      Roberts Stoffel Family Law Group
      Eighth District Court Clerk

---

[5]To the extent appellant argues the district court abused its discretion in awarding respondent attorney fees and costs for the entire case, that issue is not properly before us, as the district court had not yet made a final ruling on fees and costs when appellant filed his notice of appeal.

[6]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.