## ORD *v.* CHESTER.

A PARTY put in possession or allowed to occupy a portion of premises, by one tenant in common, cannot be sued as a trespasser by another tenant in common, without notice to quit or other act showing a termination of this license or tenancy.

APPEAL from the Fifteenth District.

Ejectment for land in Butte county. Plaintiff claims ownership of one undivided sixth of a tract of land known as the Fernandez grant, containing about four leagues ; and avers that defendant has ousted him of one hundred and sixty acres thereof, and claims damages in the sum of $5000—putting the monthly rent at one hundred dollars. The answer admits the title of plaintiff, but sets up that defendant entered into and still holds possession of the one hundred and sixty acres by license from Henshaw & Moore, owners of the undivided five-sixths of the grant; and that plaintiff has never made demand for possession.

The Court before whom the case was tried found that plaintiff was tenant in common with Moore & Henshaw ; that defendant was in possession at the time M. & H. became owners of the un-

divided five-sixths—plaintiff being owner of the other one-sixth; that Henshaw received money from defendant to assist in the purchase of the land, and permitted defendant to occupy, with a verbal understanding that, when the land was partitioned between the cotenants, if the premises occupied by defendant should fall to Henshaw, defendant should have the privilege of purchasing—the money already loaned to be considered a part of the purchase money. Moore knew of this arrangement, and made no objection to defendant's occupying and cultivating the land free of rent.

Upon these facts the Court held defendant to be a tenant at will, and, as such, entitled to notice to quit, and gave judgment in his favor.

As to the statement, the facts are that judgment was rendered March 19th, 1860, and on the twenty-fourth of the same month, defendant filed a motion for new trial on the grounds: 1st, that the evidence did not justify the finding; 2d, that Henshaw ought not to have been admitted as a witness for defendant. On the thirtieth of March, the Court, on motion of plaintiff and under exception by defendant, ordered the minutes of evidence taken down by the Judge to be attached to the motion for new trial as part thereof. Prior to this there had been no statement of the evidence. Plaintiff appeals.

*P. Ord*, Appellant, *pro. per.*

1. The Court below erred in its findings of the facts.

2. The Court erred in its conclusion of law that the defendant, Chester, was a tenant at will, and, as such, entitled to notice to quit. (*Jackson* v. *Bradt*, 2 Caines, 169; *Doe* v. *Baker*, 4 Dev. 220; 4 Kent, 114.)

3. If the relation of landlord and tenant ever existed between defendant and plaintiff's cotenant in common, Henshaw, the estate of defendant was one of sufferance from his lessor; and defendant was not entitled to notice to quit. (*Livingston* v. *Turner*, 14 N. Y. 64.)

4. The facts found do not show any certain contract. Unless the intention of the parties is clear and certain, the agreement must be taken to be an agreement for a lease. And no notice to

quit was necessary.   (*Jackson* .v. *Deyo*, 3 Johns, 422 ; Comyn's Land. & Ten. ; 6 Law Lib. 35.)

5. One tenant in common cannot convey a distinct portion of the estate, by metes and bounds, so as to prejudice his cotenants or their assigns, even though it might bind him by way of estoppel. As against the cotenants such a deed is inoperative and void.   (4 Kent, 368, citing *Bartlett* v. *Harlow*, 12 Mass. 348 ; *Peabody* v. *Minot*, 24 Pick. 329 ; *Duncan* v. *Sylvester*, 24 Maine, 482 ; *Mitchell* v. *Hazen*, 4 Conn. 495 ; *Griswold* v. *Johnson*, 5 Id. 363 ; *Jewett* v. *Stockton*, 3 Yerg. 492 ; Archbold's Land. & Ten. 3 ; 37 Law. Lib. 32.)   And if one tenant in common could not convey a distinct portion, he could not lease it so as to prejudice his co-tenants.

6. The possession of the defendant as against plaintiff was wrongful *ab initio*.   Its character was not changed by any contract with one of the plaintiff's cotenants, unless plaintiff was a party or had notice, and received rent, from which assent might be implied. If defendant was a tenant at will, he was at the will of the man who let him the premises ; and from him only could he require notice to quit.   (1 Harg. C. Litt. 55 *a*.)

7. The license of plaintiff's cotenants was not a lease ; for that is a contract for the possession and profits of lands and tenements on one side, and a recompense of rent or other income on the other. (Cruise's Dig. tit. Leases.)   To make such a contract, there must be : 1st, a lessor able to grant the land ; 2d, a lessee capable of accepting the grant ; 3d, a subject matter capable of being granted ; and 4th, a price or consideration.   In the case at bar, three of the essentials of a lease are wanting.   At most, the defendant holds by a bare license, without consideration and without term ; and it may be revoked at the pleasure of the giver, without notice to quit. (2 Bouv. Dic. verb. Lease and License.)

*Jos. E. N. Lewis*, for Respondent.

1. There is no statement.

2. Defendant being in possession under license from Henshaw & Moore, no action can be maintained against him, until his tenancy be terminated by notice or otherwise, and then he is entitled to

reasonable time to remove. (*Rising* v. *Stannard*, 17 Mass. 282; *Ellis* v. *Paige*, 1 Pick. 43.)

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

We think the judgment in this case should be affirmed. We can only look to the findings of the Judge in this case to see whether the judgment is right upon the facts, for no legal statement appears in the record. Those findings present the simple question whether a party put in possession or allowed to occupy a portion of premises by one tenant in common can be sued as a trespasser by another tenant in common, without notice to quit or other act showing a termination of this license or tenancy. We have no doubt that one tenant in common may occupy the common premises, and as little that he may permit another person to occupy a part of them; and it is impossible for us to see how that tenant in common could sue such person, so lawfully entering or occupying, as a trespasser, or how his cotenant could maintain such suit. Having entered, or being in possession by lawful right, he cannot, so long as his relation to the owners is unchanged, be turned into a trespasser, and held liable in costs and damages for doing what he was lawfully authorized by those owners or one of them to do.