[No. 1013.]

### W. T. BURNS et al., Appellants, *v.* W. A. RODEFER et al., Respondents.

BILL OF EXCEPTIONS—ORDER CONTINUING MATTERS IN COURT.—*Held*, that the general order of the court continuing "all matters in court not disposed of until the next term," did not extend the time for settling and signing a bill of exceptions.

BILL OF EXCEPTIONS—WHEN MUST BE SETTLED AND SIGNED.—Under the statute (Civ. Prac. Act., sec. 190, *et seq.*) a bill of exceptions, in order to be available on motion for a new trial, or on appeal from the judgment, in a civil case, must be reduced to writing and settled by the judge, at or before the conclusion of the trial.

IDEM—ADJOURNMENT OF TERM.—The bill of exceptions can not be reduced to writing and settled after the adjournment of the term at which the judgment is rendered, if there is no order of the court made at such term extending the time therefor.

NONSUIT—WHEN GRANTED.—A nonsuit can only be granted upon the grounds stated in the statute and in the manner therein provided.

APPEAL from the District Court of the Fourth Judicial District, Humboldt County. The facts are stated in the opinion.

*Bonnifield and Grass*, for Appellants.

*Geo. G. Berry and R. M. Clarke*, for Respondents.

By the Court, Leonard, J.:

The judgment contained in the judgment roll recites that, this case came on for trial on the seventh day of April, 1879, at the February term. A jury of twelve persons was impaneled and sworn to try the cause, and witnesses for the plaintiffs were sworn and examined. Thereafter, on motion, all the evidence offered and admitted for plaintiffs was struck out. The jury were then instructed by the court, when they retired to consider their verdict, and subsequently found a verdict for the defendants. Thereupon the following judgment was entered: "Wherefore, by virtue of the law, and by reason of the premises, it is ordered, adjudged, and decreed, by the court, that the plaintiffs take nothing by their action, and go hence, without day, and that defendants recover from the plaintiffs their costs and disbursements incurred and expended in this action, amounting to the sum of nine hundred and seventy-one dollars and seventy-five cents.

"Judgment rendered April 12, 1879."

No statement on motion for a new trial, or on appeal, was filed; but on the sixth day of January, 1880, and after several terms of the district court had passed, a so-called bill of exceptions was presented to the judge by appellants, to be settled and signed. Respondents objected to its settlement at that time, on the ground, that it was presented "too late;" and declined to propose amendments thereto. No order was ever made by the court or judge thereof extending the time for presenting or settling a bill of exceptions, but at the February and June terms of said court for 1879, it was ordered that, "all matters in court not disposed of, be, and the same are, continued till next term."

The judge appended to the so-called bill of exceptions, the following certificate: "I hereby certify that, all the exceptions that are settled herein were taken at the trial of said cause; and at the time the same were taken, the exceptions and the points of the exceptions were noted by the judge; and that all of said exceptions and the points of the exceptions were taken down by the clerk of said court, under

the direction of the judge thereof; and that all the evidence that was given upon the said trial, and said exceptions and points thereof, were taken down by a reporter duly appointed and sworn to report the evidence and proceedings in said case; and that said reporter transcribed said evidence and notes of exceptions and points thereof, to writing, and such writing is now on file in the said clerk's office, and reference is made by the judge to his said notes and to the minutes so made by the clerk, and to the writing so transcribed by said reporter, in settling and signing this bill of exceptions. I further certify that the foregoing bill of exceptions is correct; that the same is settled, allowed, and signed by the judge of said court, this twenty-fourth day of January, 1880."

This appeal was taken from the judgment, on the day last mentioned in the certificate above set out.

In proper time, and upon legal notice, respondents moved this court to strike out the bill of exceptions contained in the transcript, on the ground that the same was settled and signed by the judge who tried the cause, after the adjournment of the term at which the same was tried, and no order of court was made extending the time to sign and settle said bill of exceptions.

We think the motion to strike out must be granted.

It is plain that the general order continuing "all matters in court not disposed of until the next term," did not extend the time for settling and signing the bill of exceptions, and that it would not have had such effect, if it had been made at and before the end of every term, between the rendition of judgment and the twenty-fourth day of January, 1880. With the same propriety it could be claimed that, such an order would extend the time from term to term, for moving to set aside judgments by default, in cases where the defendants were personally served with summons, although the court's jurisdiction was not saved by any proper proceedings instituted during the term at which the judgments were rendered. The majority of the court are of opinion that, under the statute (Civ. Prac. Act, sec. 190, *et seq.*), a bill of exceptions, in order to be available on motion

for a new trial, or on appeal from the judgment, in a civil case, must be reduced to writing and settled by the judge, at or before the conclusion of the trial, and that if it is not thus reduced to writing and settled " at the time," it can not be brought before this court for review, except by a statement settled in the mode provided in section 197; and we are unanimously of opinion that it can not be reduced to writing and settled after the adjournment of the term in which the judgment is rendered, if there is no order of the court made at such term, extending the time therefor. Such a proceeding is against the evident intent of the legislature; it is not sustained by authority, and to uphold it, if that were possible under the statute, would be to encourage loose practice, which would lead to uncertainty, if nothing worse. In a majority of cases, it is not only necessary to state the points of exception, but also so much of the evidence as is necessary to explain them. When that is the case, it is especially important that, the whole be correctly stated, and so written down in permanent form; which can never be done as well as at the time, when all parties are present, and the facts are fresh in the mind. The judge, or clerk, or counsel may misunderstand or misstate the points of exception; hence the statutory provision that, " when delivered in writing, or written down by the clerk, it shall be made conformable to the truth, or be at the time corrected until it is so made conformable." The case of *Lobdell* v. *Hall*, 3 Nev. 523, is not in conflict with our opinion. The language of courts must be considered in connection with the facts of the case wherein it is used. In the case referred to the court said: " If there is an entire failure to make any note of an exception taken, either by the judge or his clerk, and the term of court expires at which the case was tried and judgment rendered, we do not see by what authority the judge could afterwards settle or make a bill of exceptions showing the facts."

Upon the facts the court was not obliged to go further or say more, in order to sustain its conclusion. But there is nothing in the opinion giving encouragement to the claim of appellants here. The so-called bill of exceptions not

having been settled and signed, and thus made a part of the record within the time provided by law, the motion to strike it out is granted. We have before us, then, the judgment roll only.

If the court erred in striking out plaintiff's evidence, as it is claimed, still we have no knowledge that such is the case. It might have been admitted against the objections of defendants as incompetent and irrelevant, and it may have been struck out afterwards for the best of reasons. It is enough to say that, there is nothing before us, showing error, and every presumption is in favor of the court's action. It appears that the court instructed the jury, but we can not know the nature of the instructions, or that they were objected to by plaintiffs.

It is said that, at most, the court should have granted a nonsuit.

The plaintiffs might have asked for a nonsuit, after their evidence was struck out (Civil Pr. Act, sec. 151; *Hancock Ditch Co.* v. *Bradford*, 13 Cal. 637; *Ord* v. *Chester*, 18 Cal. 77); and the court might have granted one, also, *upon motion* of the defendants. But it does not appear from the judgment roll that, either party asked for a nonsuit, or that either objected to a submission of the case to the jury. A nonsuit cannot be granted except upon grounds stated in the statute and as therein provided. It could not have been granted under the *fifth* subdivision of section 151, except upon motion of the defendants. It could not have been ordered under the *fourth*, because plaintiffs did not abandon their case, or under the *third*, because they appeared, or under the *second*, because defendants did not give their written consent.

It is, therefore, difficult to perceive what other course could have been pursued, but to submit the case to the jury. Besides, had the case been withdrawn from the jury, the same result must have followed; the same judgment would have been entered, for upon the pleadings, the defendants were entitled to the judgment rendered.

The judgment is affirmed.