JACK LUKEY, DBA NEVADA PLUMBING & HEATING COMPANY, APPELLANT, v. MERNA M. THOMAS AND RALPH H. THOMAS, RESPONDENTS.

No. 4133

January 9, 1959

333 P.2d 979

*Richards and Schindler,* of Reno, for Appellant.

*Leonard T. Howard,* of Reno, for Respondents.

## OPINION

By the Court, McNAMEE, J.:

Appellant filed suit upon a promissory note. Summons and complaint were personally served upon the defendant October 28, 1957. When no appearance had been made by either defendant, plaintiff caused their default to be entered on December 12, 1957 and on that day he had

judgment entered for the amount of his claim. This was twenty-three days after default could have been taken.

On April 22, 1958 defendants moved to set aside the default and to vacate the judgment, for the reason of the "inadvertence, surprise and excusable neglect of the defendants." The motion was granted and this is an appeal from the order granting such relief.

This court has repeatedly held that a motion to set aside a default and vacate the judgment resulting therefrom is addressed largely to the sound discretion of the court and will not be disturbed on review, unless there has been abuse of such discretion. This discretion is a legal discretion, however, and cannot be sustained where there is no competent evidence to justify the court's action. Haley v. Eureka Co. Bank, 20 Nev. 410, 22 P.2d 1098.

Defendant's written motion and notice thereof stated that it would be based on the affidavit of Leonard T. Howard, attorney for defendants, filed therewith and upon Rules 55 and 60, NRCP.[1]

---

[1]NRCP 55(c) "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60."

NRCP 60(b) "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * *. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than six months after the judgment, order, or proceeding was entered or taken. * * * The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

"(c) When a default judgment shall have been taken against any party who was not personally served with summons and complaint, either in the State of Nevada or in any other jurisdiction, and who has not entered his general appearance in the action, the court, after notice to the adverse party, upon motion made within six months from the date of rendition of such judgment, may vacate such judgment and allow the party or his legal representatives to answer to the merits of the original action. When, however, a party has been personally served with summons and complaint, either in the State of Nevada or in any other jurisdiction, he must make his application to be relieved from a default, a judgment, an order, or other proceeding taken against him, or for permission to file his answer, in accordance with the provisions of subdivision (b) of this rule."

Although Rule XI of Rules of the District Court specifies the manner of making motions,[2] the court minutes reveal only the following:

"Counsel for defendants made his motion pursuant to notice of motion on file. The motion was argued by counsel for the respective parties. The Court ordered that the defendants' motion to vacate a default judgment be granted and the defendants have five days within which to file an answer."

While the minutes do not specifically state that the order was based on any evidence, we assume from the court's written order signed and filed the day subsequent to the hearing, that it was based on the three affidavits on file.[3]

These three affidavits consisted of (1) the affidavit of defendants' counsel mentioned in the written motion, (2) said counsel's amended affidavit filed subsequent to the filing of the motion, and (3) the counter-affidavit of plaintiff's counsel, Donnell Richards, in opposition to said motion. They constitute the only evidence upon which the lower court could exercise its discretion in determining whether the defendants had a good defense and were not guilty of inexcusable delay.

We are not concerned with the third affidavit, as it is in effect a mere denial of the other two.

---

[2]Rule XI "Upon reading and filing the notice of motion, with due proof of the service of the same, and of the papers mentioned therein, if no one appears to oppose the motion, the moving party shall be entitled to have the motion decided. Upon the hearing, the affidavits to be used by either party shall be endorsed and filed before the affidavits shall be used. The manner of making motions shall be as follows:

"First—The moving party shall read the moving papers, or state the contents thereof, or introduce his oral evidence.

"Second—The party opposing shall then read or state the contents of his opposing papers, or introduce his oral evidence.

"Third—The moving party may then read his rebutting papers, or introduce oral evidence, if admissible under the rules of practice in law or equity. The counsel for the moving party shall make his argument, to be followed by the counsel of the opposing party, and the counsel for the moving party may reply."

[3]The court's written order entitled "Order setting aside and vacating the default, and default judgment," recites the following:

"The respective affidavits of the defendants and plaintiff having been reviewed by this Court and this Court having heard oral arguments of the respective counsel; * * *"

The first affidavit states:

"* * * the defendants did inform the affiant, their attorney, that they felt they had a good and proper defense to the action, and that there were various papers and documents concerning this transaction which would have to be located in voluminous files concerning their involvement with the corporation known as Thomas G. Stone Enterprises, Inc.

"That the subject matter of this suit was a result of a transaction with said Thomas G. Stone Enterprises, Inc. That shortly following October 29, 1957, the defendants did inform the affiant that they were having difficulties in obtaining the documents and papers concerning the transaction, since they were in storage, but they were doing their best to obtain them. Following this your affiant, attorney for defendants, did stipulate with counsel for plaintiff to extend the time for answering or otherwise pleading to the complaint. That subsequent thereto the defendants did obtain and bring into the office of affiant and attorney for defendants, certain papers and documents pertaining to the transaction.

"That during the interim period, and following the delivery of said documents by the defendants to their attorney, various contacts were made with the attorney for the plaintiff, informing him that the answer or other pleadings to the complaint would be filed as quickly as possible.

"That the attorney for plaintiff did state, in what was taken to be a joking manner, that a default had been entered against the defendants, and that after a few of such contacts the plaintiff's counsel did definitely state that he had had a default entered against the defendants upon the insistence of his client; and this was the first knowledge that affiant and attorney for defendants had that a default had been entered against the defendants."

The foregoing part of said affidavit has no probative value of asserting any defense to the action. With respect to showing a justifiable delay, the pertinent averments show just the opposite. True, a stipulation to extend time

is alleged, but if in fact there were such a stipulation, defendants would be relying on a verbal stipulation and one so vague as to the duration of the extended period that it amounts to no evidence at all. Haley v. Eureka Co. Bank, supra; Stretch v. Montezuma M. Co., 29 Nev. 163, 86 Pac. 445.

The concluding portion of this affidavit states merely legal conclusions and this has no evidentiary value.[4]

Defendants said amended affidavit alleges that affiant, defendants' counsel:

"* * * at all times noted herein affiant was practicing law individually, other than in an association and that a very important, detailed and complicated legal action was filed on or about the 27th day of November, 1957, which involved a considerable amount of money, together with certain lumber held as security. That immediately following the legal action there were numerous creditors' rights involving chattel mortgages, attachments and third-party claims involved in the legal action, which required practically full time attention on behalf of affiant. That this legal action did encompass a period of time, which was a direct cause in affiant's neglect in failing to answer plaintiff's complaint."

This is some evidence and the only evidence relevant to defendants' contention that their delay was excusable.

Whether such evidence in itself is sufficient, in the absence of any showing of a proposed defense, to justify the lower court's action, is the sole question on appeal.

If we assume without so holding, that this evidence was sufficient to warrant a finding of excusable delay, nevertheless in the absence of any showing by competent evidence of what the defense would be in the event

[4] "* * * That affiant and attorney for defendants was surprised that a default and judgment had been entered against the defendants, and hereby alleges to the Court that said default and judgment were entered as a result of inadvertence, surprise and excusable neglect on the part of affiant and attorney for defendants, and in the opinion of the affiant, the defendants have a good and proper defense to the action, and that their right to a day in court has been jeopardized as a result."

defendants were permitted to answer, the court was not justified in assuming merely from the arguments of counsel that any defense in fact existed, and furthermore it would, under such circumstances, be depriving itself of its function to pass on the merits of any defense as could have been properly presented.

"[The] judicial tendency to grant relief from a default judgment, * * * does not imply that the courts will or should always grant relief from a default judgment, * * *. Litigants and their counsel may not properly be allowed to disregard process or procedural rules with impunity. Lack of good faith or diligence or lack of merit in the * * * proposed defense where a default judgment is involved, and other related factors may warrant a denial of the motion for relief from the judgment." Moore's Federal Practice, Vol. 7, 2d Edition, pp. 224–225.

In view of the extended delay (default taken 23 days after time to answer had expired, and the motion of defendants for relief having been filed 131 days after the default was entered), the evidence presented herein which was limited to an attempted justification of the delay, without any showing of the nature of the defense, if any, was insufficient to justify the lower court's action in granting defendants' motion.

The order of the district court is reversed.

MERRILL, C. J., and BADT, J., concur.