MINNIE DEE JOHNSON, APPELLANT, v. BASIL ALVIN JOHNSON, RESPONDENT.

No. 6301

MINNIE DEE JOHNSON, APPELLANT, v. ALTA SMITH JOHNSON, RESPONDENT.

No. 6302

May 17, 1971                    484 P.2d 1072

*Scotty Gladstone,* of Las Vegas, for Appellant.

*Jones & Holt,* of Las Vegas, for Respondent Alta Smith Johnson.

*Monte J. Morris,* of Las Vegas, for Respondent Basil Alvin Johnson.

## OPINION

By the Court, BATJER, J.:

We have heretofore ordered these cases to be combined for our consideration. To the extent that the briefs on file are relevant and material they are being considered in both cases.

On April 26, 1967, the appellant and Basil Alvin Johnson,

the natural parents of Susie DeeLin Johnson, consented in writing to the appointment of Alta Smith Johnson, the child's paternal grandmother, as her guardian. Subsequently, in October of 1969, the appellant and Basil Alvin experienced marital difficulties which culminated in divorce proceedings being commenced by him.

During the pendency of the divorce proceedings the appellant filed a petition to terminate the guardianship. In the divorce proceedings the trial court granted the appellant a divorce and found her to be a fit mother to have the custody of the other four children of the marriage, but later denied her petition to terminate the guardianship.

In her attack upon the decree of divorce, the appellant contends that the trial court committed reversible error when it only awarded her custody of the four children and failed therein to also award her custody of Susie DeeLin. She also contends that the decree erroneously allowed Basil Alvin the right of visitation every other week instead of every other weekend as reflected in the minute order of the district court.

At the time that the divorce action was heard and judgment entered, there was in full force and effect an order of the Eighth Judicial District Court of the State of Nevada in and for the County of Clark appointing Alta Smith Johnson the guardian of the person of Susie DeeLin. Until such time as that order appointing the guardian might be set aside by a court of appropriate jurisdiction or until it was extinguished by the operation of law, any independent action to award custody of Susie DeeLin to the appellant or anyone else would be precluded. Clark v. Clark, 80 Nev. 52, 389 P.2d 69 (1964).

Basil Alvin has not controverted the appellant's assertion that he should be allowed child visitation only every other weekend rather than every other week. He has waived the filing of an answering brief and has offered to stipulate "to cure the typographical error occurring in the decree of divorce heretofore entered." This appears to be a clerical mistake which may be corrected within the scope of NRCP 60(a).[1]

In her attack upon the order denying her petition to terminate the guardianship of Susie DeeLin, the appellant asserts

[1]NRCP 60(a): "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the

that finding her fit to have custody of the other four children compels reversal of that order of the trial court. The appellant also contends that the original proceedings upon the petition for the appointment of a guardian for Susie DeeLin was defective inasmuch as the lower court lacked jurisdiction to determine the matter because there was no specific finding that the appointment was "necessary and convenient."

The appellant mistakes a requirement of proof for an element of jurisdiction. In matters of guardianship the district courts derive their jurisdiction directly from the Nevada Constitution, Art. 6, § 6,[2] and NRS 3.210.[3] Jurisdiction does not depend upon a showing of necessity and convenience. Here the trial court not only had the written consent of both natural parents, but the appellant as well as Susie DeeLin and her paternal grandmother were physically present in the court when the order appointing the guardian was entered. The jurisdiction of the district court is beyond question. If the appellant had ever intended to attack the sufficiency of the evidence supporting the order appointing the guardian she was required to launch that attack within the times prescribed by the pertinent statutes and rules or be forever barred.

On March 4, 1970, after several hearings, the trial court "for good cause" specifically denied the petition by the appellant to terminate the guardianship of Susie DeeLin. The fact

court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court."

[2]Nevada Constitution, Art. 6, § 6 (in pertinent part): "The District Courts in the several Judicial Districts of this State shall have original jurisdiction in all cases . . . relating to the estates of deceased persons, and the persons and estates of Minors and insane persons."

[3]NRS 3.210: "The district courts shall have power to open and receive the proofs of last wills and testaments and to admit them to probate; to grant letters testamentary of administration and guardianship and to revoke the same for cause shown, according to law; to compel executors, administrators and guardians to render an account when required or at the period fixed by law; to order the sale of property of estates or belonging to minors; to order the payment of debts due by estates; to order and regulate all partitions of property or estates of deceased persons; to compel the attendance of witnesses; to appoint appraisers or arbitrators; to compel the production of title papers or other property of an estate or of a minor; and to make such other orders as may be necessary and proper in the exercise of the jurisdiction conferred upon them by law."

that the trial court, in the divorce proceeding, found the appellant to be fit to have the custody of the other minor children of the parties did not, as a matter of law, compel that court to terminate the guardianship of Susie DeeLin. We do not have a transcript of those hearings nor a statement of the evidence (NRCP 75(n))[4] so we must presume that the trial court found the presumption of parental preference to have been overcome. NRS 125.140(1); NRS 159.050; McGlone v. McGlone, 86 Nev. 14, 464 P.2d 27 (1970); Hesse v. Ashurst, 86 Nev. 326, 468 P.2d 343 (1970). A party who is financially or otherwise unable to provide this court with a transcript of a hearing or trial in the lower court is not without a remedy. NRCP 75(n) allows an adequate alternative to an actual transcript of the proceedings. Here the appellant has failed to avail herself of the benefits of that rule. The record filed with this court contains only the court minutes of the hearing of the divorce complaint as well as the hearings on the petition to terminate the guardianship. Without a complete transcript of the testimony taken at those hearings or a statement of the evidence or proceedings we have no basis upon which to review the propriety of the trial court's ruling. It is an established rule of this court that findings, if they are within the issues raised by the pleadings, must be presumed to have been supported by the evidence presented to the lower court when there is no record of testimony upon which to predicate any other determination. (This rule of law is conceded by the appellant in her brief.) Quinn v. Quinn, 27 Nev. 156, 74 P. 5 (1903); Wilson v. Wilson, 23 Nev. 267, 45 P. 1009 (1896); Burns v. Rodefer, 15 Nev. 59 (1880).

In Fenkell v. Fenkell, 86 Nev. 397, 469 P.2d 701 (1970), we said: "It has long been the law in this state that where findings of fact are within issues raised by pleadings, and there is no record of testimony which can be considered, the appellate court must presume that the evidence was sufficient to justify the findings. . . . 'Any fact necessary to support the order

---

[4] NRCP 75(n): "In the event no stenographic report of the evidence or proceedings at a hearing or trial was made, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection, for use instead of a stenographic transcript. This statement shall be served on the respondent who may serve objections or propose amendments thereto within 10 days after service upon him. Thereupon the statement, with the objections or proposed amendments, shall be submitted to the district court for settlement and approval and as settled and approved shall be included by the clerk of the court in the record on appeal."

is presumed to have been proven in the absence of an affirmative showing to the contrary.' " In Noble v. Noble, 86 Nev. 459, 470 P.2d 430 (1970), we said: "A trial judge has wide discretion in all cases involving the care, custody, maintenance and control of a minor child, and his exercise of discretion will not be disturbed on appeal unless there is a clear case of abuse." Futhermore, in Brown v. State, 81 Nev. 397, 404 P.2d 428 (1965), this court said: "Of course the discretion reposed in the trial judge is not unlimited, but an appellate court will respect the lower court's view unless it is manifestly wrong." See also State v. Lewis, 50 Nev. 212, 255 P.1002 (1927).

With nothing more in the record than the minutes and findings of the trial court we cannot properly review, much less make a finding of clear abuse and manifest error.

The order of the district court denying the appellant's petition to terminate guardianship is affirmed. The decree of divorce entered by the district court is modified to allow Basil Alvin Johnson the privilege of visiting his four youngest children on every other weekend rather than every other week as presently provided in the decree of divorce. NRCP 60(a). In every other particular the decree of divorce is affirmed.

ZENOFF, C. J., MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.