JOHN PRINS, Appellant, *v.* MARGUERITE PRINS, Respondent.

No. 6665

May 1, 1972                                    496 P.2d 165

*Charles L. Kellar,* of Las Vegas, for Appellant.

*Scotty Gladstone,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

The parties to this appeal were divorced in Las Vegas in 1968. The decree, *inter alia,* awarded to the respondent the custody of the child of the marriage; ordered the appellant to make support payments of $50.00 per month; and granted him reasonable rights of visitation. The decree was silent on exactly when the support should be paid and what would constitute reasonable visitation rights. In 1969 the parties executed an agreement explicitly defining when the appellant's visitation rights should be exercised, and specifying exactly when the support payments should be made.

Subsequently, the relationship between the parties apparently deteriorated because in 1971, the respondent moved to modify the divorce decree to terminate the appellant's visitation rights for non-payment of support, and for judgment for the arrearage in the support payments. The appellant responded by filing a cross-motion seeking to have the respondent held in contempt of court for failing to afford him the visitation rights provided by the divorce decree, and requesting that the court transfer custody of the child to him. Each party charged the other with conduct detrimental to the child's well-being and each asserted that the other was an unfit parent.

After a hearing which consumed nearly three days the court, *inter alia,* ordered that the custody of the child be continued in the respondent; it continued the appellant's rights of visitation,

but it specifically defined when the visitation rights should be exercised, and it imposed certain express conditions and limitations thereon; it continued the support payments of $50.00 per month; and it entered judgment against the appellant for the payments in arrears, and provided that his rights of visitation should not commence until he had paid the support arrearage and was current in all his support obligations. Attorney fees and costs were also assessed against the appellant.

This appeal from the order modifying the divorce decree challenges the provision which altered the appellant's unqualified right of visitation as contained in the divorce decree to the conditional visitation right as set forth in the modification order, contending that the court abused its discretion.[1] However, the transcript of the testimony presented during the lengthy hearing has not been docketed as part of the record on appeal, and in the absence of a trial transcript, or a statement of the evidence pursuant to NRCP 75(n), we must presume that sufficient evidence was presented to the trial court to support its findings and its ruling. Fenkell v. Fenkell, 86 Nev. 397, 469 P.2d 701 (1970). Moreover, the trial court is afforded vast discretionary powers in determining what is in the best interests of a child in cases involving modification of visitation rights. NRS 125.140; Howe v. Howe, 87 Nev. 595, 491 P.2d 38 (1971).

The appellant further contends that the trial court erred in conditioning his visitation rights upon payment of all arrearages in child support, and in being current in his continuing payments. However, not having been favored with a complete record of the testimony below, we must presume that the evidence warranted such limitations, and that they are reasonable in the factual circumstances presented to the trial court. Cf. Chesler v. Chesler, 87 Nev. 335, 486 P.2d 1198 (1971).

The appellant also challenges the award of attorney fees to the respondent, asserting that the award was improper and an abuse of the court's discretion. Such an assignment is without merit on the record before us. NRS 125.180(1) provides for an award of attorney fees in these circumstances, and there is

[1]Cf. Noble v. Noble, 86 Nev. 459, 470 P.2d 430 (1970), where the court suspended support payments during the time the mother illegally denied the father visitation rights.

nothing in the record to indicate that the amount of the award is unreasonable.

We have considered the remaining points assigned as error by the appellant, and we find them all to be without merit. Absent any showing of how the appellant has been prejudiced or aggrieved, and without any citation of supporting authority, such assignments are not grounds for reversal. Howarth v. El Sobrante Mining Corp., 87 Nev. 492, 489 P.2d 89 (1971).

Affirmed.