UTE, INC., A NEVADA CORPORATION, APPELLANT, *v.* WILLIAM APFEL, RESPONDENT.

No. 7304

January 17, 1974                    518 P.2d 156

[Rehearing denied February 19, 1974]

*L. Earl Hawley,* of Las Vegas, for Appellant.

*James L. Buchanan, II,* of Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

Suit was filed by appellant and service of process was made upon respondent on February 1, 1973. On February 22, 1973, default was entered against respondent. Four days later he filed a motion to set aside the default. That motion was accompanied by respondent's affidavit alleging that he had misinformed his counsel as to the date of service of process.

A hearing was held March 21, 1973, and an order was entered setting aside the default judgment and allowing respondent five days in which to answer.[1] The record is devoid of any transcript or other document which might reveal what occurred at the hearing held on March 21, 1973.

This appeal is taken from the order setting aside the default judgment. We will not disturb such an order unless there has been an abuse of discretion by the trial court. Minton v. Roliff, 86 Nev. 478, 471 P.2d 209 (1970); Lentz v. Boles, 84 Nev. 197, 438 P.2d 254 (1968); Hotel Last Frontier v. Frontier Properties, 79 Nev. 150, 380 P.2d 293 (1963); Blakeney v. Fremont Hotel, Inc., 77 Nev. 191, 360 P.2d 1039 (1961).

In Hotel Last Frontier v. Frontier Properties, supra, this court established guidelines to be followed in setting aside a default. First, there must be a showing of mistake, inadvertence, surprise or excusable neglect. 79 Nev. at 154. See also Blundin v. Blundin, 38 Nev. 212, 147 P. 1083 (1915). Secondly, there must be a showing of a "meritorious defense" to the claim for relief. 79 Nev. at 154. See also Ogle v. Miller, 87 Nev. 573, 491 P.2d 40 (1971), and in the absence of showing of "meritorious defense" the motion to set aside the judgment will fail. Kelso v. Kelso, 78 Nev. 99, 369 P.2d 668 (1962); Guardia v. Guardia, 48 Nev. 230, 229 P.386 (1924); Lukey v. Thomas, 75 Nev. 20, 333 P.2d 979 (1959).

---

[1]The proceeding on March 21, 1973 was entitled a hearing on the motion to set aside default judgment. Apparently an oral motion to set aside the default judgment had been made that day and considered instead of the previous motion to set aside the default.

In the absence of a transcript or a statement of the proceedings pursuant to NRAP 10(c) to enlighten us about what occurred at the hearing to set aside the default judgment, we must presume that the requirements of Hotel Last Frontier, supra, have been met and that the district court's ruling is correct. Prins v. Prins, 88 Nev. 261, 496 P.2d 165 (1972); Johnson v. Johnson, 87 Nev. 244, 484 P.2d 1072 (1971); Fenkell v. Fenkell, 86 Nev. 397, 469 P.2d 701 (1970); Quinn v. Quinn, 27 Nev. 156, 74 P. 5 (1903).

Affirmed.