# LOUIS W. GUTENBERGER AND PATRICIA GUTENBERGER, APPELLANTS, v. CONTINENTAL THRIFT AND LOAN COMPANY, RESPONDENT.

## No. 9129

April 6, 1978                                                          576 P.2d 745

*Steven M. Hess,* Reno, for Appellants.

*David Mathews,* Reno, for Respondent.

## OPINION

*Per Curiam:*

On February 4, 1976, respondent filed suit against appellants alleging nonpayment of a promissory note secured by a security agreement. Following service of process, no responsive pleading was filed and respondent, after obtaining a clerk's entry of default on March 5, subsequently moved for default judgment against appellants which was entered on March 23. The next day, March 24, appellants filed a motion to vacate the default judgment, together with an affidavit which suggested a meritorious defense and supporting points and authorities. Respondent filed an opposition to this motion and the matter stood submitted to the trial court. Approximately three months later, appellants filed additional affidavits and points and authorities through new counsel and therein alleged as a defense the discharge of the debt in a bankruptcy proceeding in Utah. The motion to vacate was eventually denied and this appeal ensued.

The sole issue before us is whether the trial court abused its discretion in refusing to set aside the default judgment. We hold it did.

It is a firmly established policy of this Court that controversies preferably be resolved on their merits whenever possible. Hotel Last Frontier v. Frontier Prop., 79 Nev. 150, 380 P.2d 293 (1963). The requirements to vacate entry of default judgments are set forth in part by rule and in part by case law. The default must have been the result of mistake, inadvertence, surprise, or excusable neglect (NRCP 60(b)), and the defaulted party must additionally timely tender a meritorious defense. *Hotel Last Frontier, supra; see also,* Ute, Inc. v. Apfel, 90 Nev. 25, 518 P.2d 156 (1974).

The record is replete with evidence satisfying the requirements of both NRCP 60(b) and our pronouncements. Appellants had permitted payments on the loan to lapse upon advice of their Utah bankruptcy attorney that the debt had been discharged. After this suit had been filed against them, appellants procured the opinion of Nevada counsel who informed them that the debt was not discharged but that appellant probably could obviate the complaint's prayer for attorney's fees and costs if some arrangements could be reached with respondent concerning a modified repayment schedule. Further, documentation evidences that prior to their being advised of the default judgment appellants were in the process of attempting to negotiate a repayment plan with respondent and believed that no formal responsive pleading was necessary. *See,* Minton v. Roliff, 86 Nev. 478, 471 P.2d 209 (1970).

Appellants evidenced repeated good faith efforts to make arrangements for repayment. They were offered two different opinions as to the vitality of respondent's claim and they were additionally advised that repayment arrangements might obviate the necessity of suit. The good faith of appellants' reliance upon this advice, and perhaps in spite of it, indicates that they lack the culpability which this Court considers a serious disregard of the judicial process. *Compare,* Bryant v. Gibbs, 69 Nev. 167, 243 P.2d 1050 (1952). Moreover, appellants have timely raised discharge in bankruptcy as an alleged meritorious defense to this action. Whether such allegation is a valid defense is, of course, a matter to be determined below.

The trial court abused its discretion in refusing to set aside the default judgment.

The lower court's decision and order denying appellants' motion to set aside the default judgment is reversed. BDM, Inc. v. Sageco, Inc., 549 P.2d 1147 (Hawaii 1976); Airline Transport Carriers v. Batchelor, 227 P.2d 480 (Cal.App. 1951). We direct the district court to enter an order setting aside both the entry of default and default judgment.