MARSHALL L. STOVER, Appellant, v. LAS VEGAS INTERNATIONAL COUNTRY CLUB ESTATES HOME OWNERS ASSOCIATION, INC., a Nevada Corporation; ARTHUR WERMUTH, an Individual, Respondents.

No. 9005

January 24, 1979                              589 P.2d 671

---

[Rehearing denied March 5, 1979]

*Fitzgibbons & Maley,* Las Vegas, for Appellant.

*Rose, Edwards & Hunt, Ltd.,* and *Niels L. Pearson,* Las Vegas, for Respondent Las Vegas International Country Club Estates Home Owners Association, Inc.

## OPINION

*Per Curiam:*

Appellant is a process server licensed in the State of Nevada under the provisions of NRS 648.014 and NRS 648.140. He attempted to gain access to serve a "notice of lien" upon an individual residing within Las Vegas International Country Club Estates, a residential development surrounded by a high, brick wall. The three gates providing entrance to authorized persons were secured by guards who refused permission to appellant to enter the premises. When appellant persisted, he was arrested for trespass, but criminal charges were subsequently dismissed. Appellant initiated this action seeking damages for false arrest, false imprisonment, loss of business resulting from his inability to serve process within the subdivision, and also sought injunctive relief to restrain respondents from continuing to deny access for such purposes. From an order granting respondents' motion to dismiss, appellant appealed but neglected to file a transcript or a statement of the evidence or proceedings required by NRAP 10(b) and (c).

Respondents assert, initially, that a failure to file a statement of the evidence or proceedings mandates a dismissal of this appeal, citing F. P. D., Inc. v. Long, 90 Nev. 27, 518 P.2d 155 (1974); Ute, Inc. v. Apfel, 90 Nev. 25, 518 P.2d 156 (1974); and, Alexander v. Simmons, 90 Nev. 23, 518 P.2d 160 (1974). Appellate review is precluded for failure to furnish the prescribed record only when review is dependent upon the evidence or testimony which would have been disclosed in such transcript or statement. When evidence on which a district court's judgment rests is not properly included in the record on appeal, it is assumed that the record supports the lower court's findings. City of Las Vegas v. Bolden, 89 Nev. 526, 516 P.2d 110 (1973). On this record, the dismissal of the tort actions by the trial court must be affirmed.

Appellant claims a right to enter a secured enclosure to reach the residence or usual place of abode of a resident therein for the purpose of serving process. It is conceded that access to the secured area has been, and is, granted to officers of the county and city law enforcement agencies for the purpose of serving legal process, but denied to others. Residents of such areas,

therefore, do not enjoy immunity from service of process. In effect, appellant, through this proceeding, seeks to extend or enlarge the authority granted to process servers by our statute. It is not within the power of the court to extend the provisions of the statute beyond the limits fixed by the legislature. To do so would be a usurpation of the powers of the legislature denied to the courts under the Constitution. Seaborn v. District Court, 55 Nev. 206, 29 P.2d 500 (1934); State v. Beemer, 51 Nev. 192, 272 P. 656 (1928).

Affirmed.[1]

[1] The Governor, pursuant to Nev. Const. art. 6, § 4, designated the Honorable William P. Beko, Judge of the Fifth Judicial District, to sit in the place of The Honorable Gordon Thompson, who was disabled.