ERNEST V. BANKS, Appellant, v. VERN V. HEATER and VERN V. HEATER, Doing Business as Green Acres Realty, Respondent.

No. 10154

September 27, 1979                    600 P.2d 245

*Murray V. Dolan,* Sparks, for Appellant.

*Diehl, Recanzone & Evans,* A Professional Corporation, for Respondent.

## OPINION

*Per Curiam:*

On March 13, 1976, appellant entered into an agreement with third parties to sell a parcel of real property in Churchill County. Respondent was employed as the real estate agent by appellant and had produced the buyers. The escrow instructions provided that a title insurance policy was to be obtained for the buyers showing the property to be free and clear of all deeds of trust. Before the close of escrow, the buyers had taken possession although the agreement provided otherwise. During the title search it was discovered that the property was encumbered by a deed of trust.

In April of 1976, the buyers brought suit against appellant praying for specific performance—that is, conveyance of free and clear title. Appellant filed his answer and third party complaints against the original owner and respondent. The complaint against respondent, served on December 18, 1976,

alleged that he had negligently failed to discover the encumbrance and wrongfully authorized the buyers to take possession. Respondent failed to answer and default was entered against him on January 14, 1977. On March 24, 1977, appellant and his buyers settled their lawsuit by stipulation and the matter was dismissed on March 28. On March 29, judgment by default was entered against respondent. A stipulation and order dismissing appellant's action against the original owner was filed on April 5. Respondent filed his motion to set aside the default on April 6, 1977 along with a proposed answer and counterclaim and an affidavit in support. The motion was granted and this appeal followed.

The issue presented on appeal is whether the trial court abused its discretion in setting aside the default judgment. We hold it did not.

In Hotel Last Frontier Corp. v. Frontier Properties, Inc., 79 Nev. 150, 380 P.2d 293 (1963), we set forth the criteria to be used by a trial court in deciding the issue presented here. First, the policy of this court is that each case be decided upon its merits whenever possible. Second, a factor of importance is the party's lack of knowledge as to procedural requirements. *Id.* at 154, 380 P.2d at 295. In addition to the rule that the default must have been the result of mistake, inadvertence, surprise, or excusable neglect, NRCP 60(b)(1), the defendant must timely tender a meritorious defense. Gutenberger v. Continental Thrift and Loan, 94 Nev. 173, 175, 576 P.2d 745, 745 (1978); Hotel Last Frontier Corp. v. Frontier Properties, Inc., 79 Nev. at 154, 380 P.2d at 294-95.

In the affidavit accompanying his motion to set aside the default judgment, respondent stated that he assumed from a discussion with one of the buyers that his interests would be protected by the buyers and taken care of in the disposition of their suit against appellant. He was unaware that the claim against him might be litigated or settled separately from the buyer's claim against appellant. Respondent did not become aware of the settlement between appellant and the buyers or the default judgment against him until April 1, 1977. Respondent contacted counsel and filed his motion to set aside the judgment on April 6, eight days after the judgment was entered and one day before Notice of Entry of Judgment was filed.

Respondent also filed a proposed answer and counterclaim with his timely motion. This answer, along with accompanying affidavits, stated that appellant was aware of the existence of the deed of trust at the time of the sale and that appellant and

the buyers agreed among themselves that possession could be had by the buyers prior to the close of escrow.

It is clear that a trial court could find from this record a lack of knowledge of procedural requirements; inadvertence or excusable neglect; no bad faith or an intent to delay;[1] and, the presentation of a meritorious defense. Gutenberger v. Continental Thrift and Loan, 94 Nev. at 174, 576 P.2d at 745–46; Hotel Last Frontier Corp. v. Frontier Properties, Inc., 79 Nev. at 154–55, 380 P.2d at 295. The decision of the lower court in setting aside a default judgment "will not be disturbed on appeal in the absence of a clear abuse of discretion." Fagin v. Fagin, 91 Nev. 794, 798, 544 P.2d 415, 417 (1975).

The decision of the lower court is affirmed.

---

[1] It should be noted that the motion to set aside the default judgment was filed within eight days of the entry of the judgment. Effective April 9, 1978, Nevada Rules of Appellate Procedure preclude an appeal from the granting of a motion to set aside a default where the motion was filed within sixty days of the judgment. NRAP 3A(b)(2) (amended Feb. 8, 1978).