Filed 11/28/22 P. v. Strickland CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MATTHEW RAYMOND STRICKLAND,<br><br>    Defendant and Appellant. | C094987<br><br>(Super. Ct. No. P19CRF0326) |

Defendant Matthew Raymond Strickland challenges his conviction for two forms of aggravated assault. Defendant argues: (1) reversal is required because the trial court refused to instruct the jury that defendant had a right to remove a trespasser from his property; (2) remand is required for the trial court to vacate one of the convictions because they are either the same offense or included offenses; and (3) we must vacate the fee for preparing a presentence investigation report.

We reject defendant's first argument because the record does not contain substantial evidence the victim was a trespasser. We agree with defendant's second argument, based on our Supreme Court's recent opinion in *People v. Aguayo* (2022) 13 Cal.5th 974 (*Aguayo*), which held that assault with a deadly weapon and assault with force likely to produce great bodily injury are the same offense and a defendant may not be convicted of both based on the same act or course of conduct. (*Id.* at pp. 979, 993.) Finally, we agree, as the Attorney General concedes, that the challenged fee must be vacated. We will vacate the fee, remand with instructions, and otherwise affirm.

## FACTS AND PROCEEDINGS

Defendant and his wife Tina hosted a party for a friend at their house, which they owned with Tina's mother. Tina invited her friend Gary Blodgett and his band to play music at the party. After a disputed series of events, which we describe in more detail below, defendant hit Blodgett in the head with a piece of firewood.

The jury found defendant guilty of both assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1))[1] and assault with force likely to produce great bodily injury (§ 245, subd. (a)(4)). After defendant waived his right to a jury trial on the allegations that he had a prior serious felony conviction warranting sentencing enhancements pursuant to section 667, subdivisions (a)(1) and (e)(1), the trial court found the allegations true.

The trial court sentenced defendant to an aggregate term of six years in prison. The court selected the middle term of three years for each of the assault offenses, which were doubled to six years each for defendant's prior strike, and then stayed the sentence for assault with force likely to produce great bodily injury pursuant to section 654. The court also struck the five-year section 667, subdivision (a)(1) enhancement.[2]

---

[1] Undesignated statutory references are to the Penal Code.

[2] Although the trial court actually used the word "stay," rather than "strike," and the court had only the authority to *strike* section 667, subdivision (a)(1) enhancements (see

2

Defendant timely appealed. After delays for preparation of the record as well as the parties' requested extensions of the briefing schedule, the case was fully briefed on August 16, 2022, and assigned to this panel shortly thereafter. The parties waived argument and the case was submitted on November 23, 2022.

## DISCUSSION

### I

*Instructing the Jury on Defendant's Right to Eject a Trespasser*

Defendant contends the trial court prejudicially erred by refusing to instruct the jury with CALCRIM No. 3475, explaining the right to eject a trespasser. The Attorney General argues the record does not contain substantial evidence supporting the instruction, and we agree the record lacks any evidence that Blodgett trespassed on defendant and Tina's property. Accordingly, the trial court did not err by refusing defendant's requested instruction.

We employ a de novo standard of review and independently determine whether a requested instruction concerning a defense should have been given. (*People v. Manriquez* (2005) 37 Cal.4th 547, 581.) " '[A] trial court need give a requested instruction concerning a defense only if there is substantial evidence to support the defense.' " (*In re Christian S.* (1994) 7 Cal.4th 768, 783, italics omitted.) In this context, substantial evidence is "evidence sufficient for a reasonable jury to find in favor of the defendant." (*People v. Salas* (2006) 37 Cal.4th 967, 982.) "In determining whether the evidence is sufficient to warrant a jury instruction, the trial court does not determine the

---

Senate Bill No. 1393, Stats. 2018, ch. 1013, § 2, eff. Jan. 1, 2019 [amending § 1385 to allow a trial court to *strike* a prior serious felony enhancement in furtherance of justice]; *People v. Garcia* (2018) 28 Cal.App.5th 961, 971-973.) The transcript, minute order, and abstract of judgment all seem to indicate the court intended to strike the enhancement. For this reason, and because neither party raises this issue, we consider the presumption that the trial court knew and applied the governing law to be unrebutted and we shall treat the enhancement as stricken. (See *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1390.)

3

credibility of the defense evidence, but only whether 'there was evidence which, if believed by the jury, was sufficient to raise a reasonable doubt.'" (*Ibid.*) We describe the relevant evidence in light of this standard.

A. *Background*

The evidence showed that Tina invited Blodgett to the engagement party to play music. Tina also invited Blodgett and others to stay the night after the party. After Blodgett repeatedly made inappropriate comments to other guests, defendant confronted Blodgett and asked him to leave. Tina stepped in and told Blodgett that he did not have to leave. A band member then offered to take Blodgett home, but Blodgett refused, saying he was staying the night. Other guests asked Blodgett to leave throughout the night, but he continued to say that he was staying the night.

Later that night, defendant saw Tina in the backyard sitting on Blodgett's lap, with Blodgett's arms around Tina and his hand partially up her shorts. Defendant went out to confront Blodgett and said, "You need to get the fuck out of my house. I don't care if you have to Uber, walk, I don't care, get the hell out." Blodgett responded, "Oh, I'm drunk, and Tina said I could stay the night." Defendant then pointed his finger in Blodgett's face and started to say, "I don't give a fuck what Tina says." Defendant was halfway through saying this to Blodgett when he was punched in the side of the head, spinning defendant around and knocking him down on to his hands and knees. Blodgett then grabbed defendant by the back of the shirt and started pulling him up, at which point defendant grabbed a piece of firewood from the ground and hit Blodgett in the face with it.

Based on this evidence, defendant's counsel asked the trial court to instruct the jury with CALCRIM No. 3475, which explains that, if the owner of a home or property asks a trespasser to leave and the trespasser does not leave within a reasonable time and reasonably appears to pose a threat to the property or its occupants, the owner may use reasonable force to make the trespasser leave. (CALCRIM No. 3475.) The instruction

also explains that, if the trespasser resists, the owner may increase the amount of force they use in proportion to the force used by the trespasser and the threat the trespasser poses to the property. (*Ibid.*) The prosecution has the burden of proving beyond a reasonable doubt that the defendant used more force than was reasonable, otherwise the jury must find the defendant not guilty of assault.[3] (*Ibid.*)

The trial court denied the request, reasoning that defendant testified he used force in response to Blodgett's use of force, not as part of an effort to eject a trespasser.

B. *Analysis*

CALCRIM No. 3475 applies only when the victim was a trespasser. This means that the trial court erred by refusing to give the instruction only if the record contains substantial evidence that Blodgett trespassed on defendant and Tina's property. Although the jury could have interpreted the evidence to find that defendant asked Blodgett to leave the property and Blodgett resisted, we see no evidence establishing that Blodgett was trespassing.

A trespasser is a person who enters or remains upon land of another without consent. (*Hoffmann v. Young* (2022) 13 Cal.5th 1257, 1266; CACI No. 2000; see also Pen. Code, § 602.5 [trespass by entering or remaining in dwelling]; CALCRIM No. 2932.) Cotenants "are equally entitled to share in the use and possession of the entire jointly-held property." (*Munkdale v. Giannini* (1995) 35 Cal.App.4th 1104, 1114; 12 Witkin, Summary of Cal. Law (11th ed. 2022) Real Property, § 41.) Thus, when one cotenant has consented to a third party's presence on the property, other cotenants have

---

[3] Contrary to the Attorney General's assertion, a defendant need not prove all the elements of the defense beyond a reasonable doubt. Rather, a defendant must merely raise a reasonable doubt as to the underlying facts. (*People v. Mower* (2002) 28 Cal.4th 457, 479, fn. 7.)

no right to override or revoke that consent. (*Dinsmore v. Renfroe* (1924) 66 Cal.App. 207, 214; See also *Ord v. Chester* (1861) 18 Cal. 77, 80.)

Here, *no* evidence, much less substantial evidence, shows Blodgett was a trespasser. The evidence is undisputed that Tina invited Blodgett onto the property to stay the night and refused to revoke that license. Defendant could not classify Blodgett as a trespasser by unilaterally revoking Tina's consent, so the evidence he told Blodgett to leave could not have raised a reasonable doubt that defendant's use of force was justified to remove *a trespasser*. Accordingly, the trial court did not err by refusing to instruct the jury with CALCRIM No. 3475.

II

*Defendant's Two Assault Convictions*

The parties contest whether defendant's convictions for assault with a deadly weapon and assault with force likely to result in great bodily injury are two statements of the same offense or are included offenses. Our Supreme Court recently decided this issue, holding that assault with a deadly weapon and assault with force likely to produce great bodily injury are the same offense and a defendant may not be convicted of both based on the same act or course of conduct. (*Aguayo*, *supra*, 13 Cal.5th at pp. 979, 993.)

Defendant asks us to remand to the trial court with instructions to vacate one of his convictions. Our Supreme Court expressed no opinion on the proper remedy (see *Aguayo*, *supra*, 13 Cal.5th at p. 996), but we conclude that correcting this error requires discretion that is best exercised by the trial court in the first instance. (See *People v. Brunton* (2018) 23 Cal.App.5th 1097, 1107-1108 [concluding two aggravated assault convictions are for the same offense and remanding with instructions to vacate either conviction].) Consequently, we shall remand with directions.

### III

#### *Fee Imposed for Cost of Probation Report*

The parties agree that the abstract of judgment should be amended to remove the $1,095 fee the trial court imposed for costs of preparing a presentence investigation report. The Legislature eliminated this fee by repealing section 1203.1b and adding section 1465.9, which makes the balance of this fee unenforceable and uncollectible and requires us to vacate the portion of the judgment imposing the fee. (Stats. 2020, ch. 92, §§ 47, 62.) We will therefore vacate the fee and direct the trial court to amend the abstract of judgment accordingly.

### DISPOSITION

The judgment is modified to vacate the $1,095 fee for costs of preparing a presentence investigation report. The matter is remanded to the trial court with directions to: (1) vacate either defendant's conviction for assault with a deadly weapon or defendant's conviction for assault with force likely to produce great bodily injury; and (2) prepare an amended abstract of judgment and forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.

/s/
Duarte, J.

We concur:

/s/
Hull, Acting P. J.

/s/
Krause, J.

7